Jamie **CALLAHAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–96–00010–CR.

Court of Appeals of Texas,
Texarkana.

Nov. 5, 1996.

John Cornelius, Marshall, for appellant.

Todd E. Fitts, Harrison County District Attorney, Marshall, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

GRANT, Justice.

Jamie Callahan appeals from his conviction on two counts of indecency with a child. A jury assessed his punishment at twelve years' imprisonment on each count, served concurrently. He contends that the trial court erred by denying him an opportunity to introduce evidence or make a bill of exceptions setting out the evidence, by making other improper evidentiary rulings, by sustaining the State's objections in the absence

of any stated grounds for the objections, and by not permitting an evidentiary hearing on his motion for new trial. He also contends that he was denied his Sixth Amendment right to a fair trial when one juror slept during the trial.

Callahan, a twenty-three-year-old man, was convicted of engaging in sexual contact by touching the genitals of his nine-year-old male cousin and causing the minor to touch Callahan's genitals. In a statement made to the police, Callahan admitted engaging in mutual masturbation with the cousin, and claimed that the acts were consensual. The minor testified that the events had occurred, but that Callahan forced him to engage in the contact.

■ Callahan first contends that the court erred by denying his attempt to introduce evidence. He specifically contends that the trial court erred by refusing to permit him to cross-examine the complainant about the degree of his previous exposure to sexual activity. Counsel stated that he wanted to question the complainant about whether he had ever seen his mother or stepbrother engage in sexual acts. He contends that the evidence would show that the complainant was raised in an environment that made him familiar with sexual activity and, therefore, he would have been more likely to have initiated sexual acts.

The court refused to permit the questioning, stating that consent is not an issue in a case involving a minor and that the minor's exposure to sexual activity was thus irrelevant. Counsel then attempted to make a bill of exceptions of the complainant's testimony, but the trial court refused to permit the bill and stated that the offer of proof was sufficient to provide the necessary information.

Indecency with a child requires sexual contact, which is defined as any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. §§ 21.01(2), 21.11(a)(1) (Vernon 1994).

■ Callahan contends that the evidence was admissible because it would impeach the credibility of the complainant and also show that the complainant was more likely to have initiated the sexual contact. Cross-examination serves three purposes: to identify the witness with his community so that independent testimony may be sought and offered concerning the witness's reputation for veracity in that community; to allow the jury to assess the credibility of the witness; and to bring facts forward that tend to discredit the witness by showing that his testimony was untrue or biased. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex.Crim.App.1996).

■ Whether the complainant initiated the sexual activity was not a relevant consideration on guilt or innocence. A child under fourteen cannot consent to sexual activity. *See Tyrone v. State*, 854 S.W.2d 153 (Tex. App.—Fort Worth 1993, pet. ref'd.); *Reyna v. State*, 846 S.W.2d 498, 502 (Tex.App.— Corpus Christi 1993, no pet.). During Callahan's testimony, and by his statement given to the police, he admitted that the sexual activity occurred. Therefore, the trial court did not err in refusing to allow this testimony at the guilt/innocence stage. On appeal, Callahan urges that this evidence would have been relevant during deliberations on punishment. The defense, however, did not reurge the presentation of this evidence at the punishment stage; therefore, no error is shown.

■ Callahan further argues that the court erred by refusing to permit him to make a bill of exceptions containing testimony as described above in question and answer form. When evidence is excluded, "[t]he right to make an offer of proof or perfect a bill of exceptions is absolute." *Spence v. State*, 758 S.W.2d 597, 599 (Tex. Crim.App.1988), *cert. denied*, 499 U.S. 932, 111 S.Ct. 1339, 113 L.Ed.2d 271 (1991). To preserve the record for appeal, the party offering the excluded evidence may make an offer of proof in the form of a concise statement, or in question and answer form. TEX. R.APP.P. 52(b). If the party requests permission to make a bill of exceptions, the trial court is required to direct the making of the offer of proof in question and answer form.

Tex.R.Crim.Evid. 103(b) [1]; *Kipp v. State*, 876 S.W.2d 330, 334 (Tex.Crim.App.1994); *Flores v. State*, 920 S.W.2d 347, 352 (Tex.App.—San Antonio 1996, no pet.)

■ Our review of the record does not reveal a denial of this request. In response to counsel's request to make a bill by questioning the complainant outside the presence of the jury, the court responded, "We may do that. But we haven't even gotten to your part of the case yet. We are not doing that right now." This discussion occurred before trial began. A delay in making a bill is not the equivalent of a denial of a request to make a bill. The issue was not reurged during the trial. The right to make a bill was thus waived. No error has been preserved.

■ In a separate incident during the presentation of the defendant's evidence, the court cut off a line of questioning of defense witness Daniel Green and sustained the State's hearsay objection to his testimony about anything that the complainant might have said when he came into the living room immediately after the alleged sexual act. Counsel immediately asked to make a bill containing the excluded testimony. The court neither granted nor denied the request. Instead, the court ignored counsel's request and sustained the State's hearsay objection, and directed counsel to ask his next question. In order to preserve a complaint for appellate review, the party must obtain a ruling or object to the court's refusal to rule. Tex. R.App.P. 52(a). No such ruling or objection appears in the record. Error has thus not been preserved for review.

■ Callahan next contends that the trial court erred by sustaining objections made by the State to offers of evidence when the State specified no grounds for its objections. The general rule is that an objection must be specific, both to inform the trial judge of its basis and to provide counsel the opportunity to remove the objection or supply other testimony. *Long v. State*, 800 S.W.2d 545, 548

(Tex.Crim.App.1990). A general objection, however, has been held sufficient when its grounds are obvious to the trial court. *Id.; Carter v. State*, 717 S.W.2d 60, 76 (Tex.Crim. App.1986); *see also* Tex.R.Crim.Evid. 103(a)(1).

■ This Court has previously held that when a general objection is sustained, and there is a valid basis for exclusion of the evidence, we must deem the ground apparent to the judge. This assumption is made when there is no request from opposing counsel or the trial judge for a more specific objection. *Andrews v. State*, 794 S.W.2d 46, 50 (Tex. App.—Texarkana 1990, pet. ref'd). In the present case, counsel directs this Court to four other times that the court sustained a general objection. It is not error per se to sustain a general objection. Callahan does not complain under this argument about the specific evidence denied because of general objections. The point of error is overruled.

■ Callahan next contends that the trial court committed reversible error by refusing to admit testimony on five separate occasions. He first complains about the court's restriction on his questioning of the complainant as follows:

Q. When you went over there and spent the night with them a few weeks ago, did you say anything about Bryan?

A. No, sir.

Q. You didn't ask where he was?

A. No, sir.

Q. You didn't tell them that—

[PROSECUTOR]: Your Honor, counsel is testifying.

THE COURT: Sustained. Move along.

On appeal, the State makes no effort to defend the court's ruling on the stated basis, but suggests instead that the question was repetitious of two prior questions and thus objectionable. Tex.R.Crim.Evid. 610(a). This conclusion is not apparent from the nature of the questions asked. A leading

---

1. Tex.R.Crim.Evid 103(b) provides that the court "may, or at request of a party shall, direct the making of an offer in question and answer form." Tex.R.App.P. 52(b) states that a party may make an offer of proof in the form of a concise

statement, but further states that "[t]he court may, or at the request of a party shall, direct the making of the offer in question and answer form."

question phrases a question so that it either suggests the answer desired or assumes the truth of a disputed fact. HULEN D. WENDORF, DAVID A. SCHLUETER & ROBERT A. BARTON, TEXAS RULES OF EVIDENCE MANUAL, VI–79 (3d ed. 1994). The question was apparently meant to be leading in nature, but this was proper under TEX.R.CRIM.EVID. 610(c), which allows leading questions on cross-examination.

Even though the question may have been proper and could not be excluded as a leading question, this complaint concerns the exclusion of testimony that does not appear in the record either directly or in the form of a bill of exceptions. Because the purpose or substance of the question is not apparent from the record, the error is waived. TEX. R.APP.P. 52(b); *Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex.App.—Texarkana 1995, pet. ref'd.).

■■■ The next refusal to admit testimony concerns the trial court's sustaining a hearsay objection to defense witness Daniel Green's testimony discussed earlier. In this point of error, Callahan argues that the testimony was not hearsay and that the court erred by sustaining the State's objection on that ground.

Q. Were you and Cindy awake?

A. Yes, sir.

Q. The time that [the complainant] came into the living room?

A. Yes, sir.

Q. What was said when [the complainant] came into the living room?

A. He walked in and—

[PROSECUTOR]: I am going to object to hearsay, Your Honor.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Your Honor, this goes to—

THE COURT: I said I sustained the objection, counsel.

[DEFENSE COUNSEL]: May I make a Bill of Exception, Your Honor.

THE COURT: Counsel, ask you [sic] next question. I sustain the objection. It is hearsay.

Defense counsel was not permitted to make any argument or explanation about the direction of his question or the purpose of the testimony. The testimony could have been offered to show that the complainant did or did not make certain statements when entering the living room immediately after the alleged offense. The complainant had previously testified that he had talked to this witness upon entering the living room and had testified about the contents of that conversation. Thus, cross-examination of this witness about the content of the complainant/declarant's statements at that time are not hearsay pursuant to TEX.R.CRIM.EVID. 801(e)(1), and the trial court erred by excluding the testimony.[2] The statement may also have been admissible under TEX.R.CRIM. EVID. 803(1) as a statement made immediately after the event in question, sometimes referred to as contextual background evidence. *See Mayes v. State*, 816 S.W.2d 79, 87 (Tex.Crim.App.1991).

■■■ We cannot know the nature of the answer or whether his testimony would have been consistent or inconsistent with the complainant's version of the facts, because the question was not answered and because no bill of exceptions was made. In order to preserve a complaint for appellate review, the party must obtain a ruling or object to the court's refusal to rule. TEX.R.APP.P. 52(a). No such ruling or objection appears in the record; therefore, error has not been preserved for review.

■■■ Callahan next contends that the court erred by *sua sponte* refusing to permit him to go "into it." Counsel was asking about something that had happened "three weeks ago," and the court stated that "the whole issue is irrelevant and you were told not to go into it."

---

**2.** TEX.R.CRIM.EVID. 801(e)(1):

(e) Statements Which Are Not Hearsay. A statement is not hearsay if:

(1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and is subject to

cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding....

This complaint concerns the exclusion of testimony that does not appear in the record either directly or in the form of a bill of exceptions. Because the purpose or substance of the question is not apparent from the record, this error is waived. TEX. R.APP.P. 52(b); *Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex.App.—Texarkana 1995, pet. ref'd).

■■■■ Counsel also contends that the court erred by refusing to permit him to show Callahan copies of his school records in order to refresh his memory at trial. Callahan testified that his school grades were very poor, and there is substantial evidence that he was considered "slow." TEX.R.CRIM.EVID. 611 provides that a witness may have his present recollection refreshed by reviewing writings for that purpose. The rule does not require that the witness have prepared the writings. Since the writings are not being offered into evidence, no predicate of admissibility need be met. When a witness is shown to have had personal knowledge at some time in the past—which he cannot now remember—counsel may provide a writing for his review in an attempt to refresh his present recollection. *See Welch v. State*, 576 S.W.2d 638, 641 (Tex.Crim.App.1979); *Bullard v. State*, 706 S.W.2d 329, 333 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) (discussing pre-rules application of this concept). The witness's testimony is then received as substantive evidence. TEXAS RULES OF EVIDENCE MANUAL, VI–86.

■■■ In the present case, the State's objection was not valid. It was directed at the failure to lay a predicate through authentication by a custodian of records *for introduction of documents into evidence.* This is not required in order to use a document to refresh a witness's memory. The proper predicate, however, was not laid because there was no showing that the witness was unable to answer the questions about his school records before the attempt to refresh his memory was made. In short, there was no showing that his memory needed to be refreshed. The court ruled correctly, albeit on a theory not propounded by the State.

■■■ If the trial judge's decision is correct on any theory of law, it will be sustained. This principle holds true even when the trial judge gives the wrong reason for his decision, and is especially true with regard to admission of evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

Callahan next contends that the court erred by refusing to admit an examining doctor's written summary of her findings.

[DEFENSE COUNSEL]: I'd offer Defendant's Exhibit # 4, Your Honor.

[PROSECUTOR]: Your Honor, I would object. She has already testified to everything that is in this document. No need for this written—testimony will stand for itself.

THE COURT: Sustained.

This witness was testifying during the punishment phase of the trial about the results of her examination of Callahan. The only theory suggested by the objection was that the document was cumulative of the oral testimony.

■■■ Summaries are permitted under TEX.R.CRIM.EVID. 1006. This rule, however, applies to summary of the contents of voluminous writings, recordings, photographs, or such matters that cannot be conveniently examined in court, but may be better understood by a jury or judge in the form of a chart, summary, or calculation. This rule is not applicable to a medical opinion testified to by an expert witness in open court.

■■■ To the extent that this evidence was cumulative, the trial court had the discretion to exclude it on that basis. The report was also inadmissible hearsay. *See* TEX.R.CRIM. EVID. 403. Hearsay is defined in TEX. R.CRIM.EVID. 801(d) as a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801(e) states that certain statements are not hearsay. The written statement of the expert in the present case has not been shown to fall under any of these exceptions. This point of error is overruled.

■■■ Callahan next contends that the trial court erred by failing to hold a hearing on his

motion for new trial. A hearing is necessary, and a trial court abuses its discretion by failing to hold a hearing, if the motion raises matters which are not determinable from the record. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App.1993). In his motion for new trial, counsel alleged juror misconduct, stating that one of the jurors slept through parts of the proceeding, complained of the court's exclusion of evidence at trial, and alleged the discovery of new evidence that would tend to show the lack of credibility of two of the witnesses.

As a prerequisite to obtaining a hearing on a motion for new trial on matters not determinable from the record, the motion must be supported by an affidavit specifically showing the truth of the grounds of attack. *Reyes,* 849 S.W.2d at 816. On the matters of the alleged sleeping juror and the alleged discovery of new evidence, a hearing would be required only if the motion for new trial was supported by affidavits or sworn pleadings. No affidavit or sworn pleading setting out the truth of these allegations appears in the record. The contention that the court excluded evidence at trial is determinable from the record. Thus, the trial court did not err in failing to hold a hearing on the motion for new trial. This point of error is overruled.

Callahan next contends that the court erred by denying his motion for new trial. The granting or denying of a motion for new trial lies within the discretion of the trial court. We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995); *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim. App.1993). It is not apparent from the record before this Court that the trial court's denial of the motion for new trial was either arbitrary or unreasonable. This point of error is overruled.

The judgment of the trial court is affirmed.

CORNELIUS, C.J., not participating.