In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00112-CR
______________________________


BLACKIE GREEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03F0157-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            During the night of February 14–15, 2003, Blackie Green kicked in the door of Debra
Greenwell's apartment in Texarkana, Texas. Greenwell was not present, but her fourteen-year-old
daughter and eight-year-old son were asleep in the apartment. Green seized the girl by the shoulders
and hair, and wrestled her out the door, telling her they "were going to have fun tonight." The young
boy attempted to stop Green, to no avail. As Green dragged the girl down the stairs, she struggled
with him, and he "slung [her] head into the rail" in the stairway. Eventually, Green dragged her
downstairs and threw her into a waiting car. Green told her to drive, but she threw the keys out of
the car's window and fled when Green went to retrieve the keys. 
            Green was convicted by a Bowie County jury of burglary of a habitation with intent to
commit assault. After hearing evidence on punishment and finding two enhancement paragraphs
alleging prior felony convictions "true," the jury recommended a sentence of ninety-nine years'
incarceration. The trial court sentenced Green accordingly. 
            Green raises three points of error: (1) Green's due process and due-course-of-law rights were
violated by the trial court's refusal to disqualify the district attorney's office from this case, (2) the
trial court abused its discretion in denying Green's motion to disqualify the prosecutor's office
without allowing Green to present testimony to support the motion, and (3) the trial court erred in
overruling Green's objection to the State's improper plea for law enforcement during its closing
argument during the punishment phase. We overrule all three points and affirm Green's conviction.
(1)       Green's Due Process and Due-Course-of-Law Point of Error Was Not Preserved
            Green's first point of error alleges Green suffered a deprivation of his due-process rights
under the United States and Texas Constitutions when the trial court denied Green's motion to have
the entire prosecutor's office recused. At the hearing on this matter, Green did not object on these
constitutional grounds. In his motion to recuse filed with the trial court and at the hearing on the
motion, Green argued that Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct
compelled the disqualification of the Bowie County District Attorney's Office. Green argued that
Rule 1.06, the general rule on attorneys' conflicts of interest, barred the prosecutor's office from
trying the case against Green because Adam Fellows, previously court-appointed to represent Green,
had since become an assistant district attorney in the Bowie County District Attorney's Office. See
Tex. Disciplinary R. Prof'l Conduct 1.06, et seq., reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). The State pointed out that Rule
1.10(e) is a more specific rule regarding attorneys employed in the public sector whose agencies are
involved in litigation against that attorney's former client. 
            On appeal, Green argues he suffered a deprivation of his due-process rights under the United
States and Texas Constitutions. Green's objection to the trial court, that Rule 1.06 barred the Bowie
County District Attorney's Office from prosecuting Green's case, made no reference to due-process
violations. The motion to recuse cites only Rule 1.06 as authority for recusal. Green's argument on
appeal does not comport with that made at trial. As Green has failed to preserve any alleged error,
we overrule this point.


 See Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998); Thomas v. State, 723
S.W.2d 696, 700 (Tex. Crim. App. 1986). 
(2)       Green Preserved No Error Regarding the Trial Court's Handling Green's Request To             Present Testimony To Support His Motion To Disqualify the District Attorney's Office, and             No Error Is Shown
            Green's second point of error complains the trial court abused its discretion in not giving
Green an opportunity to present testimonial evidence on his recusal motion. Again, Green did not
preserve error, and we overrule this point.
            Green failed to present to the trial court any offer of proof of any evidence he anticipated
providing on this subject. To preserve the record for appeal, the party offering the excluded evidence
may make an offer of proof in the form of a concise statement, or in question and answer form. Tex.
R. Evid. 103(b). If the party requests permission to make a bill of exceptions, the trial court must
allow the offer of proof to be made, in question and answer form. Id.; Kipp v. State, 876 S.W.2d
330, 334 (Tex. Crim. App. 1994); Callahan v. State, 937 S.W.2d 553, 557 (Tex. App.—Texarkana
1996, no pet.); Flores v. State, 920 S.W.2d 347, 352 (Tex. App.—San Antonio 1996, no pet.). When
evidence is excluded, "[t]he right to make an offer of proof or perfect a bill of exceptions is
absolute." Spence v. State, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988); see Tex. R. App. P. 33.2.
            Green made no attempt to present an offer of what proof he would have adduced on his
motion. Even when the trial court denied Green's motion, he was obligated to preserve the record
by making an offer of proof. In the absence of such information, a claim of error is not preserved
for appellate review. Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); Greenwood v. State,
948 S.W.2d 542, 549 (Tex. App.—Fort Worth 1997, no pet.); see Tex. R. Evid. 103(a)(2) ("Error
may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the
party is affected, and . . . the substance of the evidence was made known to the court by offer or was
apparent from the context within which questions were asked.").
            Even if Green had preserved error, he has failed to demonstrate that the trial court abused its
discretion in denying the motion. A trial court's decision to admit or exclude evidence is reviewed
under an abuse of discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
An appellate court will not reverse a trial court's decision unless that ruling falls outside the zone of
reasonable disagreement. Id. 
            The trial court explicitly stated that Rule 1.10 "does allow the district attorney's office to
continue," and therefore saw no reason to consider evidence. The State directed the trial court to
comment 9 of Rule 1.10, which states,"[p]aragraph (e)(1) does not disqualify other lawyers in the
agency with which the lawyer in question has become associated." The comment goes on to note
that, while "the rule does not require that the lawyer in question be screened" from the matter, the
preferable course would be to screen that attorney from involvement in the particular case "to the
extent feasible." Tex. Disciplinary R. Prof'l Conduct 1.10, cmt. 9. Further, the prosecutor
handling the case represented to the trial court that steps had been taken to keep Mr. Fellows "out
of the file to prevent any breach of the confidentiality of Mr. Green." The trial court clearly made
its decision to deny the recusal motion based on Rule 1.10 and its comment. The Rules of
Disciplinary Procedure are to be treated as statutes. O'Quinn v. State Bar of Texas, 763 S.W.2d 397,
399 (Tex. 1988); see Rodgers v. Comm'n for Lawyer Discipline, 151 S.W.3d 602, 614 (Tex.
App.—Fort Worth 2004, pet. denied). Since the record demonstrates the trial court clearly based its
denial of the motion for recusal on a rule having the effect of a statute, that denial will not be
considered an abuse of discretion.
            Green's second point of error is overruled. 
(3)       Green Preserved No Error Regarding His Objection to the State's Plea for Law Enforcement             During Closing Argument
            Green's third point of error claims the trial court erred in overruling Green's objection to a
statement by the State in its closing argument. Unfortunately, the point of error Green urges on
appeal does not comport with the objection he made to the trial court. As Green has failed to
adequately preserve error, we overrule this complaint also.
            During the State's closing argument at punishment, the prosecutor made the following
statement: "And think about how you will feel if you open the paper and you read about how a
person who was convicted of rape, convicted of burglarizing with intent to assault, has hurt someone
else because you didn't have the courage today - - - - ." Green then objected on the basis that such
argument violated the "golden rule."


 The trial court overruled Green's objection. 
            On appeal, Green complains that the above jury argument improperly referred to his prior
conviction of rape and called upon the jury to speculate about further violent crimes Green might
commit.
            Green's argument to the trial court does not comport with the point of error he raises on
appeal. By failing to present this argument to the trial court, he has preserved nothing for review. 
See Tex. R. App. P. 33.1; Wilson, 71 S.W.3d at 349; Dixon, 2 S.W.3d at 265; Thomas, 723 S.W.2d
at 700. We overrule this point of error.
 
 
 
 
 
            We affirm the judgment of the trial court.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 8, 2005
Date Decided:             September 27, 2005