NUMBER 13-06-356-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PHILLIP BOHRER, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 




On appeal from the County Court at Law No. 1 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Philip Bohrer, was charged by information with misdemeanor driving while
intoxicated. Appellant filed a pretrial motion to suppress the results of his blood test; the
motion was denied. Through two issues on appeal, appellant asserts the trial court erred
in denying the motion. We affirm.

Standard of Review

 The appropriate standard for reviewing most trial court's rulings on a motion to
suppress is a bifurcated standard of review, giving almost total deference to the trial court's
determination of historical facts and reviewing de novo the court's application of the law. (1)

Discussion

 In his first issue, appellant asserts that his blood test should have been suppressed
because it was not administered in accordance with section 724.017 of the transportation
code. (2) According to section 724.017, "Only a physician, qualified technician, chemist,
registered professional nurse, or licensed vocational nurse may take a blood specimen at
the request or order of a peace officer under this chapter." (3) This section further states that
a "'qualified technician' does not include emergency medical services personnel." (4) In the
instant case, the record clearly establishes that Richard Rhode, an "emergency medical
technician" (or "paramedic"), was responsible for taking appellant's blood specimen. 
Accordingly, appellant asserts that Rhode was not a "qualified technician" as required by
section 724.017, and that the blood test results should be suppressed as a result.

 The limitations on medical personnel who may take samples apply only when the
samples are taken "at the request or order of a peace officer." (5) These limitations do not
apply when the tests are conducted by medical personnel solely for medical purposes. (6) 
There is no evidence that the samples in this case were taken at the request of a peace
officer. The only evidence in this case demonstrates that the blood sample was taken from
appellant in order to assess appellant's medical condition. (7) Appellant's first issue is
therefore overruled.

 In his second issue, appellant asserts that his blood results should have been
suppressed because "no subpoena was issued for the State to obtain a blood sample or
the results of the blood test." In response to this issue, the State contends that this
complaint is waived since appellant "entirely failed to raise any complaint in his motion to
suppress or at the hearing concerning the legality of the manner by which the State
obtained the test results, nor did he raise any constitutional challenge to the evidence."

 A motion to suppress is a specialized objection to the admissibility of evidence. (8) 
Therefore, a suppression motion must meet the requirements of an objection. (9) It must be
timely and sufficiently specific to inform the trial court of the complaint. (10) The specificity
requirement has a dual objective: (1) to inform the trial court of the basis for the objection;
and (2) to provide opposing counsel the opportunity to cure the objection or supply other
testimony. (11)

 The only complaint appellant raised at the hearing or in his motion to suppress
related to the requirements of section 724.017; no complaint regarding the existence of a
subpoena was ever raised. In his reply brief, appellant argues that he did not waive his
complaint because his motion to suppress stated, "The results of the blood test were
obtained in a manner that requires their exclusion in accordance with the provisions of
Article 38.23 of the Texas Rules of Criminal Procedure."

 According to article 38.23 of the code of criminal procedure:

 No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case. (12)


We first note that appellant's motion to suppress referenced article 38.23 immediately after
stating that his blood specimen was "collected in violation of Section 724.017." 
Accordingly, we find that appellant's reference to article 38.23 was simply an extension of
his argument regarding section 724.017. Second, we find that appellant cannot rely solely
on his referencing of article 38.23 to contest the waiver of this second issue because such
reliance fails to satisfy appellant's burden to be sufficiently specific in informing the trial
court of his complaint. (13) Appellant's second issue is overruled.

Conclusion

 We affirm the trial court's judgment.




 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 5th day of July, 2007.




 
1. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323,
327-28 (Tex. Crim. App. 2002); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
2. Tex. Transp. Code Ann. § 724.017 (Vernon 1999).
3. Id. at § 724.017(a).
4. Id. at § 724.017(c).
5. Id. at § 724.017(a).
6. See State v. Hardy, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997).
7. At the hearing on appellant's motion to suppress, Rhode provided the following testimony while
under direct-examination by State's counsel:


 Q: Can you describe how you got in contact with this Defendant and what caused you
to draw blood?


 A: He was brought into the emergency room by the police officers stating chest pains.
. . . We asked him--you know, "We are going to do an EKG since you are having
chest [sic]." We did an EKG; hooked him up to the monitor, put him on some
oxygen. And then we asked if we could draw blood. He said, yes, we could.


 Q: So the Defendant told you that he agrees to let you draw his blood because of his
chest pain?


 A: Yes, ma'am.
8. Morrison v. State, 71 S.W.3d 821, 826 (Tex. App.-Corpus Christi 2002, no pet.) (citing Galitz v.
State, 617 S.W.2d 949, 952 n. 10 (Tex. Crim. App. 1981) (op. on reh'g)).
9. Id. (citing Mayfield v. State, 800 S.W.2d 932, 935 (Tex. App.-San Antonio 1990, no pet.)).
10. Id. (citing Tex. R. App. P. 33.1(a)(1)(A); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995)).
11. Id. (citing Long v. State, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (per curiam); Zillender v.
State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977) (op. on reh'g); Callahan v. State, 937 S.W.2d 553, 557
(Tex. App.-Texarkana 1996, no pet.)).
12. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).
13. See Morrison, 71 S.W.3d at 826.