In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00092-CR


______________________________




MELVIN LEE MOBLEY, III, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 07-0446X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Melvin Lee Mobley, III, pled guilty to two counts of burglary of a habitation and one count
of kidnapping. He was assessed a life sentence on each of the three counts. On appeal, he asserts
that the trial court's decision to require Mobley to wear a leg brace under his long pants during the
punishment phase was an abuse of discretion and that the two burglary convictions for the same
entry of a habitation constituted double jeopardy. We modify the judgment to strike one of the two
burglary convictions, but otherwise affirm the judgment of the trial court. That result is dictated by
our conclusions that (1) the trial court did not abuse its discretion in entering the leg-brace order and
(2) the two burglary convictions constitute double jeopardy. 

 On November 16, 2007, Mobley forcefully entered the Harrison County home owned by
Michalene Jones and Dan Anderson. (1) In the process, Mobley assaulted Anderson, tied Anderson and
Jones with an extension cord, and threatened them with a meat cleaver. Mobley was charged with
two virtually identical counts of burglary of a habitation. Count I of Mobley's indictment contained
two paragraphs. Paragraph A alleged that Mobley, "with intent to commit a felony offense of
aggravated assault, enter[ed] a habitation, without the effective consent of Michalene Jones, the
owner." See Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003). The second paragraph accused
Mobley of "intentionally or knowingly enter[ing] a habitation, without the effective consent of
Michalene Jones, the owner thereof, and attempted to commit or committed the felony offense of
aggravated assault" with a meat cleaver. See Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 2003). 
Count  II  also  had  two  paragraphs,  identical  to  those  in  Count  I,  except  that  each  paragraph
in Count II referred to Anderson as the owner of the habitation rather than Jones. Mobley pled guilty
to all three counts, and punishment was submitted to the jury. 

(1) The Trial Court Did Not Abuse Its Discretion in Entering the Leg-Brace Order

 Mobley first complains of the trial court's decision to keep Mobley in restraints during the
punishment phase of the trial.

 During a pretrial hearing on the issue of restraint, the trial court heard evidence from jail
administrator Captain John Hain that Mobley had many disciplinary write-ups while in custody. The
first write-up resulted from Mobley's assault of an officer. During a jailhouse interview, Mobley
shoved a table on top of an investigating officer and held a pen "in a motion to attempt to stab [the
officer] if he could have gotten close enough." The second write-up resulted from an attempted
escape. A fight broke out among inmates attending a morning religious service at the jail. Jailers
rushed to subdue the fighting. After taking control of the situation, one of the jailers noticed that his
keys were missing. Jailers found Mobley traversing the hallway with the keys. The sheriff spoke
of Mobley with the trial court and expressed a concern for the safety of the sheriff's staff and 
inmates. At a docket call, Mobley "vandalized" the courtroom by "sticking his face through a plate
glass window." Taking all of these factors into consideration, the trial court noted that Mobley was
a "physical problem" and had "exhibited an inability to conduct himself properly in the courtroom." 
Consequently, the court ordered Mobley to wear a leg brace underneath long pants for the duration
of the trial. The court specified that the brace would not be visible to the jury. 

 Whether a defendant shall be tried in restraints is within the discretion of the trial court. 
Long v. State, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991). Thus, we review the ruling of the trial
court for abuse of discretion. Cooks v. State, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992); Long,
823 S.W.2d at 282.

 On the other hand, conducting a trial where the defendant is in shackles is "obnoxious to the
spirit of our laws and all ideas of justice." Ziolkowski v. State, 223 S.W.3d 640, 643 (Tex.
App.--Texarkana 2007, pet. ref'd) (citing Gray v. State, 99 Tex. Crim. 305, 268 S.W. 941, 950
(1924)). The Fourteenth Amendment to the United States Constitution and Article I, Section 19 of
the Texas Constitution guarantee criminal defendants the right to a fair trial. U.S. Const. amend.
XIV; Tex. Const. art. I, § 19; Wynn v. State, 219 S.W.3d 54, 59 (Tex. App.--Houston [1st Dist.]
2006, no pet.). Three elements of this fundamental guarantee are directly implicated when a
defendant is shackled during trial proceedings. Id. First, in our criminal courts, a defendant is
presumed to be innocent until the State proves his or her guilt. Jurors can be prejudiced when
viewing defendants in jail clothing or restraints, seriously infringing on this presumption of
innocence. Cooks, 844 S.W.2d at 722; Long, 823 S.W.2d at 282; Ziolkowski, 223 S.W.3d at 642;
Garza v. State, 10 S.W.3d 765, 767-68 (Tex. App.--Corpus Christi 2000, pet. ref'd). Second, the
use of restraints can undermine a defendant's ability to effectively communicate with his or her
attorney, impeding the right to counsel. Wynn, 219 S.W.3d at 59. Third, use of shackles in the
presence of the jury compromises the "courtroom's formal dignity, which includes the respectful
treatment of defendants" and acknowledges "the gravity with which Americans consider any
deprivation of an individual's liberty through criminal punishment." Id. (citing Deck v. Missouri, 544
U.S. 622, 631 (2005)). For these reasons, shackling is called for only in rare circumstances, and the
record must detail the grounds for such action. Cooks, 844 S.W.2d at 722; Gray, 268 S.W. at 950.

 It is well established, however, that when a defendant enters a plea of guilty, he or she admits
the existence of all facts necessary to establish guilt, and the presumption of innocence is dissolved. 
Darden v. State, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968). Further, where the record does not
affirmatively show that the jury had seen the defendant's shackles, harm cannot be demonstrated on
appeal. Canales v. State, 98 S.W.3d 690 (Tex. Crim. App. 2003); Ziolkowski, 223 S.W.3d at 642.

 The sitting trial judge had previously presided over the first trial of Mobley's case, which
resulted in a mistrial, and had the opportunity to observe Mobley's courtroom behavior. Evidence
that Mobley was a threat to the sheriff and fellow inmates, tried to escape from jail, assaulted an
officer, and vandalized the courtroom all contributed to the court's decision to require Mobley's
restraint during the punishment phase. We need not decide whether the court's findings of fact,
based on these factors, were specific enough to justify restraint. Rather, no evidence suggests that
the jury saw the restraints. Also, in pleading guilty to all counts in the indictment, Mobley's due
process concerns were extinguished. We overrule this point of error.

(2) The Two Burglary Convictions Constitute Double Jeopardy

 In his second point of error, Mobley contends that the trial court's convictions for burglary
of a habitation, based on a single unlawful entry, are barred due to double jeopardy provisions. A
defendant must generally raise a double-jeopardy claim at the trial court level to preserve error for
appellate review. Rangel v. State, 179 S.W.3d 64, 70 (Tex. App.--San Antonio 2005, pet. ref'd). 
When a double-jeopardy claim violation is clearly apparent from the face of the record, however, it
can be raised for the first time on appeal. Bigon v. State, 252 S.W.3d 360, 369 (Tex. Crim. App.
2008); Rangel, 179 S.W.3d at 70. Here, Mobley claims that he was charged in one indictment for
burglary arising from the same act in two different separate counts. Thus, any error will be apparent
on the face of the record and can be reviewed. Rangel, 179 S.W.3d at 70-71.

 Our founding fathers recognized that allowing states to subject citizens to multiple trials for
the same offense "would arm the Government with a potent weapon of oppression." Stephens v.
State, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (citing United States v. Martin Linen Supply
Co.,  430  U.S.  564,  569  (1977)).  The  Fifth  Amendment  to  the  United  States  Constitution,
and Article I, Section 14 of the Texas Constitution, prohibit double jeopardy and protect individuals
from being tried twice for the same offense, possibly receiving double punishments. U. S. Const.
amend. V; Tex. Const. art. I, § 14; Albernaz v. United States, 450 U.S. 333, 343 (1981); Illinois v.
Vitale, 447 U.S. 410, 415 (1980); Stephens, 806 S.W.2d at 814-15. This protection is necessary to
avoid subjecting a defendant "to embarrassment, expense and ordeal . . . compelling him to live in
a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though
innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-88 (1957). 

 Because it clarifies the elements of a criminal offense, the statutory language determines
whether offenses are the same for double-jeopardy purposes. Ex parte Cavazos, 203 S.W.3d 333,
336 (Tex. Crim. App. 2006). Thus, in Texas, when resolving this issue, we focus on the elements
alleged in the charging instrument. Bigon, 252 S.W.3d at 370. Counts I and II of the indictment
in this case both allege burglary of a habitation. Burglary is a crime against property and is not an
assaultive offense against a person. Cavazos, 203 S.W.3d at 336-37. A person commits that offense
when, without effective consent of the owner, he or she enters a habitation, with the intent to commit
a felony, or enters a habitation and commits or attempts to commit a felony or theft. Tex. Penal
Code Ann. § 30.02(a)(1), (3). When a burglary is committed, the harm results from the entry itself. 
Richardson v. State, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994). The offense is complete once
the unlawful entry is made, without regard to whether the intended theft or felony is also completed. 
Id.; Cavazos, 203 S.W.3d at 337. 

 The State argues that Count I alleges assault against Jones and Count II alleges assault against
Anderson, and that, therefore, the counts require proof of different elements. If different statutory
provisions require an element or "proof of a fact which the other does not," there are no double-jeopardy concerns. Blockburger v. United States, 284 U.S. 299, 304 (1932). We note two problems
with the State's argument.

 First, the indictment does not allege a particular victim of any assault associated with the
burglary. Instead, Count I of the indictment alleges that the owner of the house Mobley burglarized
was Jones, while Count II alleges the owner is Anderson. Except for those differences, Count I is
identical to Count II. And the house involved is clearly a single house, owned by both Jones and
Anderson.

 Plus, the Blockburger test applies only when the same act or transaction constitutes a
violation of two distinct statutory provisions, and focuses on the proof necessary to prove elements
of each offense. Vitale, 447 U.S. at 416; Rangel, 179 S.W.3d at 71. The test is not needed where
one indictment alleges two separate counts of the same statutory offense arising out of one incident
because double-jeopardy concerns will necessarily exist. (2) (3)
 The State's argument urging this Court
to analyze this case using Blockburger is inherently flawed for this reason, as well.

 Mobley's convictions violate double jeopardy because he has been convicted and sentenced
twice for the same offense. See Cavazos, 203 S.W.3d at 335-37.

 Typically, when a defendant is convicted of multiple offenses that are the same for double
jeopardy purposes, the conviction for the most serious offense should be retained and the other
offenses should be set aside. Id. at 337; Rangel, 179 S.W.3d at 71. When the degree of both
offenses and the punishment assessed for both offenses is the same, this rule is inapplicable, and any
one of the convictions can stand. See Ex parte Senterfitt, No. AP-75659, 2007 WL 1138875, at *1
(Tex. Crim. App. Apr. 18, 2007) (mem. op., not designated for publication) (court affirmed one out
of three convictions for burglary that arose from single unlawful entry). 

 We modify the trial court's judgment to strike only Mobley's conviction and sentence under
Count II; we affirm the judgment of the trial court as to Counts I and III.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 21, 2008

Date Decided: October 1, 2008


Do Not Publish


 
1. Jones is the mother of a former girlfriend of Mobley, while Anderson is Jones' boyfriend.
2. While the underlying assaultive offenses may have constituted separate and distinct acts,
requiring proof of assault on both parties, Mobley was not convicted of the underlying offenses.
Rather, he was convicted of two burglaries. 
3. 



e the possibility that trial
counsel had a reason for his actions at or before the sentencing hearing. We therefore cannot find
ineffective assistance based on this record, and any further review of this matter is necessarily for
the Texas Court of Criminal Appeals through post-conviction habeas corpus proceedings, if any.



            Siler, in his response to counsel's Anders brief, raises a number of issues. Many of those are
disposed of by our discussions of the propriety of the cumulation order. Beyond those issues,
however, Siler contends the plea proceedings between this case and the federal prosecution were so
intertwined as to constitute a single action, and thus cumulation would be improper. The record does
not address this matter in any regard, and we cannot rule based on speculation.
            Siler also argues that the trial judge was disqualified because he was a person interested in
the case. None of Siler's allegations on this point are supported by the record. Accordingly, those
contentions are likewise not adequately before us.
            Siler further argues that the trial court erred by failing to follow a plea agreement and by
failing to compel the State to abide by the agreement. As mentioned above, the record affirmatively
shows that no plea agreement existed and that an open plea was accepted.
            Siler also contends the trial court erred by sentencing him without first obtaining a
presentence investigative (PSI) report under Article 42.12, Section 9(i) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (Vernon Supp. 2004–2005). 
That section explains the type of information that must be provided in a PSI report when a defendant
appears to have a mental impairment, as observed by the trial court or on suggestion of a party. The
language quoted by Siler in his brief, and on which he relies as showing that a PSI is mandatory if
mental impairment is observed, is no longer in the statute.


 The provision in effect at the time of
Siler's trial no longer makes a PSI report mandatory in that circumstance:
A presentence investigation conducted on any defendant convicted of a felony
offense who appears to the judge through its own observation or on suggestion of a
party to have a mental impairment shall include a psychological evaluation which
determines, at a minimum, the defendant's IQ and adaptive behavior score. The
results of the evaluation shall be included in the report to the court as required by
Subsection (a) of this section.

Id. The effect of the amendment was to remove language indicating a PSI "shall be" prepared when
a felony offender appears to suffer from mental impairment. The revised language provides that, if
the trial court in its discretion orders a PSI report to be prepared, the report must contain a
psychological evaluation of the defendant if said defendant has exhibited mental impairment. 
Holloman v. State, 942 S.W.2d 773, 776 (Tex. App.—Beaumont 1997, no pet.). Further, the right
to have a PSI report prepared before sentencing in a felony case can be forfeited by inaction. Id.;
Wright v. State, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd).


 Therefore, for both of
these reasons, the trial court did not err in sentencing Siler without previously having a PSI report
prepared.
            Siler also argues the trial court erred by failing to grant him a hearing on his motion for new
trial and denying the motion. A defendant is entitled to a hearing on his or her motion for new trial,
and a trial court abuses its discretion by failing to hold a hearing, if the motion raises matters which
are not determinable from the record and on which relief may be available. Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993); Callahan v. State, 937 S.W.2d 553, 560 (Tex.
App.—Texarkana 1996, no pet.). In this case, the grounds raised are connected with the present
argument that there was a plea agreement that should have been honored by the State and that
counsel was ineffective for failing to object to its absence. This is, however, directly contrary to
Siler's own statements at the plea proceeding that he was pleading no contest in an open plea. The
trial court questioned Siler extensively about this intention, and ultimately the trial judge left the
courtroom for several minutes so that Siler and trial counsel could confer about the dangers of Siler's
proposed course of action. In the written admonishments, language that would have run all
sentences concurrently was struck out and replaced with the phrase "Open Plea." There was
considerable discussion about the plea, and the trial court specifically asked Siler if he understood
that there was no plea agreement and that he was therefore exposed to the entire punishment range. 
Under these facts, the trial court did not err by failing to conduct a hearing on the motion for new
trial.
            We have reviewed the record. We agree with appellate counsel that there is no reversible
error in this case and that the arguable issues raised are not meritorious. We therefore grant her
motion to withdraw as counsel.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 6, 2005
Date Decided:             June 24, 2005

Do Not Publish