**Opinion filed October 22, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00295-CR

_____

## JOSE SAMUEL SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 17-7724**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jose Samuel Sanchez of continuous sexual abuse of a child. The trial court assessed his punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

Nene[1] was eleven years old and in the sixth grade when she told her mother, A.G., that Appellant had been touching her in her "private areas." Nene told A.G. that the abuse had occurred while Nene lived with Appellant in Midland and Lamesa. After Nene's outcry, A.G. contacted Child Protective Services, who recommended that A.G. take Nene to the hospital. The hospital then referred the matter to the Lamesa Police Department.

Lieutenant Darrel Williams interviewed Appellant two times regarding Nene's allegation of sexual abuse. During the second interview, Appellant admitted that, from 2013 to 2015, Nene had "sucked [his] penis about 5 or 6 time[s] and [he] ejaculated each time." However, Appellant maintained that Nene had initiated the sexual contact on each occasion. Appellant asserted in his statement that he had awakened on several occasions to find Nene either playing with or sucking on his penis.

The grand jury returned an indictment against Appellant for continuous sexual abuse of a child. At trial, Nene testified that Appellant sexually abused her for three to four years. Appellant testified in his own defense, arguing that he did not initiate his sexual contact with Nene and relating the same statement that he previously told about waking up to find Nene, his young daughter, initiating sexual acts with him.

*Analysis*

In a single issue, Appellant contends that the State presented insufficient evidence to convict him of continuous sexual abuse of a child. Specifically, Appellant contends that the State presented insufficient evidence to prove that Appellant caused the acts of sexual abuse because Nene initiated all acts that were sexual in nature.

---

[1]"Nene" is a pseudonym for the child victim.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of continuous sexual abuse of a child if (1) during a period that is more than thirty or more days in duration, the person commits two or more acts of sexual abuse and (2) at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age, regardless of whether the actor knows the age of the victim at the time of the offense. TEX. PENAL CODE ANN. § 21.02(b) (West 2019). "Sexual abuse" means an act that violates one or more penal laws as specified in Section 21.02(c), including aggravated sexual assault and indecency with a child by contact. *Id.* § 21.02(c)(2), (4); *see also id.* §§ 21.11(a)(1), 22.021.

The indictment alleged that Appellant committed sexual abuse against Nene, a child younger than fourteen years of age, by causing the penetration of the mouth

3

of Nene, by causing the sexual organ of Appellant to contact the sexual organ of Nene, and by engaging in sexual contact with Nene by causing the child to touch the genitals of Appellant. The indictment alleged that these acts occurred during a period of more than thirty days, from January 1, 2013, to December 22, 2015, and that Appellant was more than seventeen years of age at the time.

The State elicited testimony from Nene to the effect that Appellant had sexually abused her on more than three occasions during a period of more than thirty days. Nene testified that Appellant began sexually abusing her sometime in 2012 or 2013 when Nene and Appellant lived in Lamesa. Nene was around eight or nine years old at that time and in the third grade. Nene testified that, during the first incident of sexual abuse, Appellant took off his clothes and got in the bathtub with her. Appellant sat behind her in the bathtub, "rub[bed] his private part all over [her]," and reached around and "rub[bed]" her "middle part."

Nene testified as to other instances of sexual abuse that occurred during the time that Appellant and Nene lived in Midland with Appellant's mother. Appellant and Nene moved to Midland when Nene was in the fourth grade. Nene testified that Appellant "would have [her] get in his bed, and he would take off [her] pants, and he would make [her] play with his penis and put it in [her] mouth, and sometimes that white stuff would come out." Nene described another incident of abuse in which Appellant told Nene to go to his bed, and Appellant "put his middle part in [her] butt area." According to Nene, the sexual abuse in Midland happened about two to three times per week.

Nene testified that Appellant and Nene moved back to Lamesa when Nene was in the fifth grade and that there were incidents of sexual abuse that occurred during this time. Nene testified that, at the beginning of her sixth grade year, Appellant had her "stroke his penis and put it in [her] mouth, and he would rub his penis on [her] vagina part until he would come, and then he'd send [her] back to

4

[her] bed." Nene stated that she did not tell anyone about the abuse and had denied it at first because Appellant told her that she would end up in foster care or never see anybody again if she told someone about the abuse.

Patricia Salazar, a sexual assault nurse examiner, testified regarding her examination of Nene and Nene's statements at the hospital. Salazar's account of Nene's statements to Salazar mirrored Nene's testimony at trial.

Appellant testified on his own behalf during the guilt/innocence phase. He denied the accusations against him. As noted previously, Appellant testified that Nene always initiated sexual contact with him while he was asleep. Appellant testified that he "never forced her to do anything" and that he "never touched her." He opined that Nene's behavior was motivated by the movies she was watching, and not his behavior. Appellant admitted that Nene performed oral sex on him until he ejaculated but stated that he did not force Nene to do anything. Appellant also pointed out that Nene initially denied the sexual abuse when speaking to Child Protective Services.

The uncorroborated testimony of a child victim is alone sufficient to support a conviction for a sexual offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2020); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd); *see also Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (concluding child victim's testimony alone was sufficient to establish element of penetration beyond a reasonable doubt). Furthermore, corroboration of the victim's testimony by medical or physical evidence is not required. *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.); *see Cantu v. State*, 366 S.W.3d 771, 775–76 (Tex. App.—Amarillo 2012, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Thus, Nene's testimony alone is sufficient to

support a conviction for continuous sexual abuse of a child. *See Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

We disagree with Appellant's assessment of the evidence. We first note that Appellant's contention is without merit because a child under fourteen cannot consent to sexual activity. *See Callahan v. State*, 937 S.W.2d 553, 556 (Tex. App.—Texarkana 1996, no pet.); *Reyna v. State*, 846 S.W.2d 498, 500–01 (Tex. App.—Corpus Christi–Edinburg 1993, no pet.). Appellant's characterization of the evidence focuses exclusively on his version of the events. It was solely within the jury's province to determine if his account was credible, and the jury was free to reject it. *See Brooks*, 323 S.W.3d at 899. Furthermore, Appellant's analysis disregards the contrary evidence presented through Nene's testimony that Appellant initiated the sexual acts with her. To the extent that the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We conclude that the State adduced sufficient evidence from which a rational trier of fact could have found, beyond a reasonable doubt, all of the elements of continuous sexual abuse of a child. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

October 22, 2020                                        JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).        CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

(Willson, J., not participating.)

_____

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.