**Rickie Leon COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65628.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 17, 1980.

Barry J. O'Keefe, Humble, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, and Eric Hagstette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, ODOM and ROBERTS, JJ., and QUENTIN KEITH C.

OPINION

QUENTIN KEITH, Commissioner.

The appeal is from an order revoking probation. On September 7, 1979, after compliance with all procedural requirements, appellant pleaded guilty to the court to the offense of receiving stolen property. His punishment was assessed at confinement for six years but imposition of sentence was suspended and he was placed on probation, one of the conditions being that he commit no offense against the laws of this State.

On January 3, 1980, a motion to revoke probation was filed charging that appellant, on December 13, 1979, did, with intent to commit theft, break and enter an "automo-

**924**

bile" owned by one Sylvester Hatter without the effective consent of the owner.

A single question is presented by the two grounds of error brought forward: Is a pickup truck an automobile? There is no dispute in the record. Hatter's vehicle was a pickup truck and appellant was in the flatbed portion thereof engaged in removing a compressor from the truck. He was positively identified by Hatter. A neighbor across the street saw a man remove another compressor from Hatter's truck, place it in an automobile and drive away. When he returned, the neighbor removed the keys from the car. Appellant's wallet was found in the car.

State's counsel readily concedes that when the commission of an offense is alleged as the basis for probation revocation, the State must prove every element of the offense. See, e. g., *Grant v. State*, 566 S.W.2d 954, 956 (Tex.Cr.App.1978). And, such proof of the allegations must be made by a preponderance of the credible testimony. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Cr.App.1974).

There being no hint of other error in the revocation proceedings, we now proceed to a determination of the single question presented.

One Texas court has held that the word "automobile" is a generic term which includes a vehicle known as a pickup truck. *Maryland American General Ins. Co. v. Ramsay*, 526 S.W.2d 138, 140 (Tex.Civ. App.–Corpus Christi 1975), rev'd on other grounds, 533 S.W.2d 344 (Tex.1976). In addition to the cases cited by the intermediate court in *Ramsay*, supra, see *Hartford Accident & Indemnity Corp. v. Lowery*, 490 S.W.2d 935, 939 (Tex.Civ.App.–Beaumont 1973, writ ref'd n. r. e.).

The State established beyond a reasonable doubt that appellant entered the pickup truck by intruding his entire body into the truck bed and that he did so with intent to commit theft. The pickup truck being an automobile, it was not incumbent upon the State to prove, as appellant apparently contends, that entry must have been into the cab portion of the vehicle. Proof of an offense under the terms of V.T.C.A., Penal Code, Sec. 30.04(a) and (b) was made by the State.

The judgment of the trial court is affirmed.

Opinion approved by the panel.

ODOM, J., dissents.