**Larry Condell RICHARDSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–93–00004–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1993.

Larry J. Fatheree, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Houston, for appellee.

Before O'CONNOR, WILSON and PRICE [1], JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant guilty of burglary of a motor vehicle, and the court assessed punishment, enhanced by two prior felonies, at 40-years confinement. We affirm.

The appellant took four fishing rods and reels worth $800 from the open bed of a pickup truck. He was identified by a neighbor who had observed the theft.

### Breaking and entering the truck bed

In his sole point of error, the appellant contends the evidence is insufficient to prove the element of breaking and entering. He argues there was no breaking of the close or entering of the interior of the truck and therefore a conviction of burglary is not warranted. He contends that the evidence showed, at most, a theft of the fishing rods and reels from the bed of a pickup truck.

We review insufficiency of the evidence claims in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). It is irrelevant whether the reviewing court believes the evidence or that it is "outweighed" by the opposing side's evidence; if there is any evidence that could establish guilt, beyond a reasonable doubt, the conviction will not be reversed. *Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

The elements of burglary of a vehicle are set out in TEX.PENAL CODE ANN. § 30.04 (Vernon 1989).

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

We are asked to consider whether there must be entry into an enclosed portion of the vehicle in order for there to be a conviction of burglary of a vehicle. We hold there does not.

The most recent decision on the elements of breaking and entering a vehicle is *Griffin v. State*, 815 S.W.2d 576 (Tex.Crim.App. 1991). In *Griffin*, the Court said that for an act to constitute burglary of a vehicle there must be a "breaking of the close." *Griffin*, 815 S.W.2d at 579.

In *Coleman v. State*, 608 S.W.2d 923, 924 (Tex.Crim.App.1980), the defendant contended, as does the appellant here, that removing a compressor from the bed of a pickup truck did not amount to a burglary of a vehicle. The Court disagreed, and said by "intruding his entire body" the defendant did enter an automobile and commit burglary of a vehicle. The Court held the State did not have to prove that entry must have been into the cab portion of the vehicle. *Id.* In *Smith v. State*, 781 S.W.2d 675, 677 (Tex.App.—Dallas 1989, pet. ref'd.), the Dallas appellate court addressed the same issue and held that reaching into the bed of a pickup truck to remove tires and flares was sufficient to meet the "enter" requirement in burglary of a vehicle. *See also Hopkins v. State*, 864 S.W.2d 119 (Tex.App.–Houston [14th Dist.], 1993, no pet.h.) (appellant committed a burglary of a vehicle when he took a ladder that

---

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

was secured to a ladder rack above the truck bed).

■ The appellant contends that the holding of *Griffin* compels us to find that the act was not one of burglary because he did not take anything from inside the cab of the truck. His reliance is misplaced. In *Griffin,* the Court held that taking hubcaps off a vehicle did not involve burglary, and neither would any other type of theft of an object on the outside of a vehicle. *Griffin,* 815 S.W.2d at 579 (the court also gave other examples of thefts from a vehicle that would not amount to burglary: hood ornament, antenna, tires). Here, there was an entry into the bed of the pickup truck, which amounted to "breaking the close," when the appellant reached inside the bed to take the fishing rods. We hold the evidence is sufficient to find the appellant guilty of burglary of a vehicle.

We overrule point of error one.