Larry Condell RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 105–94.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 14, 1994.

Larry J. Fatheree, Hitchcock, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila and Terry Jennings, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of burglary of a vehicle under Texas Penal Code § 30.04. The trial court assessed punishment, enhanced by two prior felony convictions, at 40–years confinement. The First Court of Appeals affirmed. *Richardson v. State,* 868 S.W.2d 14 (Tex.App.—Houston [1st Dist.] 1993). We granted appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(4), to determine whether the Court of Appeals erred in holding that the removal of personal property from the open bed of a pickup truck

constitutes burglary of a vehicle under Texas Penal Code § 30.04.[1] We will affirm.

The evidence at trial established that appellant reached into the open bed of a pickup truck and removed four fishing rods and reels valued at $800. Appellant did not contest the fact that he intended to commit theft when he reached into the truck bed and removed the fishing equipment. Relying on this Court's decision in *Coleman v. State*, 608 S.W.2d 923 (Tex.Crim.App. [Panel Op.] 1980), the Court of Appeals concluded that when appellant intruded his hand into the open bed of the pickup truck, his actions amounted to a "breaking of the close" of the truck sufficient to demonstrate his guilt of burglary of a vehicle. *Richardson v. State*, 868 S.W.2d at 15.

In his sole ground for review, appellant contends that a person who reaches into the open bed of a pickup truck does not "enter" part of the vehicle as a matter of law. Because entry into the vehicle is an element of burglary under § 30.04, appellant argues that the State failed to prove all of the elements of the indicted crime, and as such the Court of Appeals erred in affirming his conviction. The State, in response, contends that a person who reaches into the open bed of a pickup truck does enter part of the vehicle for purposes of § 30.04.

Citing *Griffin v. State*, 815 S.W.2d 576 (Tex.Crim.App.1991), appellant argues that, just as tires and hubcaps are attached to the outside of a vehicle, so are items contained in the open bed of a pickup located in the outside portion of the truck. Therefore, appellant contends that our decision in *Griffin* impliedly overruled our holding in *Coleman*, requiring a finding that a thief who removes property from the open bed of a pickup does not "enter" an interior or enclosed portion of the truck, and therefore does not commit burglary. We disagree.

In *Coleman*, this Court held that a person who removes property from the open bed of a pickup truck "enters" the vehicle and thereby commits burglary under § 30.04. *Id.* at 924. The entry does not have to be into the cab portion of the truck. *Id.* In *Griffin*, we addressed the question of whether a person who removes hubcaps and tires from the axle of a vehicle commits burglary under the same statute. Our discussion included a detailed analysis of the "entry" requirement for burglary:

> There must be a "breaking of the close" to have entry in the sense long established for burglary. The protection is to the interior or enclosed part of the described object, be it a house, a building, or a vehicle ... Taking items attached to the outside of the vehicle, house, or building that does not reflect an entry *into* an interior or enclosed part of the described object in order to steal does not constitute the offense of burglary.

*Id.* at 579. (Emphasis in original.) Because hubcaps and tires are attached to the outside of a vehicle, we held that the defendant in *Griffin* did not enter the interior or enclosed part of the vehicle when he removed them and, therefore, did not commit burglary under § 30.04. *Id.*

■ Appellant's argument that *Griffin* impliedly overruled our holding in *Coleman* reveals a fundamental misunderstanding of our analysis of the Texas burglary statutes in *Griffin*. Sections 30.02 (Burglary) and 30.04 (Burglary of Vehicles) criminalize an "entry" into a private area made with the requisite intent to commit a theft or a felony. In *Griffin*, we noted that the "entry" requirement in the statutes is intended to protect "the interior or enclosed part of the described object, be it a house, a building or a vehicle." *Id.* at 579. In contrast, these statutes *do not criminalize* the theft of an external part of a structure or a vehicle when

---

1. Section 30.04 of the Texas Penal Code provides:

§ 30.04. Burglary of Vehicles

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

  (1) any part of the body; or

  (2) any physical object connected with the body.

(c) An offense under this section is a felony of the third degree.

accomplished without any physical entry into the protected area. As we noted in *Griffin*:

> Stealing a mailbox or a window shutter attached to the side of a house would not be entry so as to constitute burglary. Similarly, stealing a hood ornament or antenna attached to the outside of a vehicle would not be entry so as to constitute burglary of a vehicle. Tires and hubcaps are analogous to these examples, because no entry of any part of the vehicle is effected.

*Id.* at 579.

Appellant's confusion about our holding in *Griffin* is revealed in his implicit assertion that the entry must be into an enclosed portion of the vehicle. This is incorrect. Instead, we held in *Griffin* that there must be an entry into an enclosed or interior portion of the vehicle. Although it may be open to the elements, the bed of a pickup is clearly an interior portion of the truck itself. There is no need for the bed to be enclosed by a tarpaulin or camper shell or some other structure for it to be protected under § 30.04.

This interpretation of § 30.04 is consistent with the purpose of burglary statutes generally. Our burglary statutes are intended to protect the sanctity of private areas, be they habitations, buildings not open to the public, or vehicles.[2] When a burglary is committed, the harm results from the entry itself, because the intrusion violates the occupant's reasonable expectation of privacy. Indeed, once unlawful entry is made, the crime is complete, regardless of whether the intended theft or felony is actually complet-

ed. *Ford v. State*, 632 S.W.2d 151, 153 (Tex. Crim.App. [Panel Op.] 1982).

Given the purpose of the burglary statutes and the rationale for the "entry" requirement, the issue presented requires us to determine whether the Legislature intended to give statutory protection to a truck owner's expectation that the open bed of his vehicle remain a private space that is free from outside intrusions. We believe that this was the intent of the Legislature.[3]

In sum, we hold that an individual who reaches into the open bed of a pickup truck with the intent to remove property does break the close of the vehicle and as such enters part of the vehicle for purposes of § 30.04. This interpretation is consistent with our prior holding in *Coleman*, which, for the reasons discussed *supra*, was not overruled by our decision in *Griffin*. The judgment of the First Court of Appeals is AFFIRMED.

OVERSTREET, J., concurs in the result.

CLINTON and MILLER, JJ., dissent.

---

2. Naturally, we have a greater expectation of privacy in our homes than we do in our automobiles. This reality is recognized by the Legislature in that burglary of a habitation is punished as a first degree felony while burglary of a vehicle is a third degree felony.

3. Pickup trucks are a common mode of transportation in Texas, given the rural and agricultural nature of our state. Indeed, in 1993, there were an estimated 3,058,147 registered pickup trucks in the State of Texas. Tex. Dept. of Trans., Compilation of Vehicle Registration & Title Statistics (January 13, 1994). Given the prevalent nature of these vehicles, we do not believe that the Legislature intended that § 30.04 protect only the enclosed cab portion of the pickup and not the open bed. If such were the intent of the Legislature, then we would also have to hold that convertibles with retracted roofs or jeep-type vehicles with open passenger areas were similarly unprotected. Such a result was surely unintended. We also note that our conclusion that the Legislature intended that § 30.04 protect the open bed of pickup trucks is consistent with the way courts in other jurisdictions have interpreted similar statutes. *See People v. Romero*, 179 Colo. 159, 499 P.2d 604 (1972); *People v. Frey*, 126 Ill.App.3d 484, 81 Ill.Dec. 602, 467 N.E.2d 302 (1984); *State v. Rodriguez*, 101 N.M. 192, 679 P.2d 1290 (App.1984).