Kevin Dewayne WOOTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00017–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 10, 2006.

Decided Oct. 6, 2006.

---

R. Wesley Tidwell, Ellis & Tidwell, LLP, Paris, for appellant.

Val Varley, Red River County/Dist. Atty., Clarksville, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Kevin Dewayne Wooten appeals from his conviction by a jury for burglary of a habitation—for stealing a window—mounted air conditioner. The jury assessed his punishment at twenty-five years' imprisonment. Wooten contends that the evidence is legally and factually insufficient to show he entered the residence and that the court erred during voir dire by not bringing in additional panelists and denying his motion for mistrial. We affirm.

The record shows that Wooten was hired by Marion Lowe to carry away raked leaves from around Lowe's deceased mother's house. There was a window air conditioner in a window of the house; after Wooten left, the air conditioner was gone. Lowe testified that the window unit was working and that it was plugged into an outlet inside the house a good distance away from the window. Part of the face cover to the air conditioner was found in the house. Lowe contacted police with his suspicions about the likely thief. The police contacted Wooten's girlfriend, who ultimately asked Wooten if he had stolen the unit. Wooten admitted to her that he had and told her where it was. She notified the police, and they recovered the unit and arrested Wooten.

In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In our review of the evidence for factual sufficiency, we view all the evidence in a neutral light and determine whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Threadgill v. State*, 146 S.W.3d 654, 664 (Tex.Crim.App.2004) (citing *Zuniga v. State*, 144 S.W.3d 477, 486 (Tex.Crim.App. 2004)).

■ As pointed out by Wooten, an element of the offense of burglary of a habitation is entry into the habitation. Section 30.02(b) of the Penal Code defines entry as to "intrude ... (1) any part of the body; or (2) any physical object connected with the body." TEX. PEN.CODE ANN. § 30.02(b) (Vernon 2003). The evidence shows the air conditioner was on the window ledge. It had not been permanently attached to the house, but the window was closed onto the top of it, and the air conditioner was plugged into an outlet inside the house. In his testimony, Lowe agreed with the State that he had to at least reach inside the house to unplug the air conditioner because it was plugged in a good distance from the window. A part of the air conditioner was found on the floor inside the house.

The only question presented is whether the jury had sufficient evidence to allow it to decide that, in the process of removing the air conditioner from the window, Wooten "intruded" any part of his body or anything "connected with" his body into the house.

This type of question was addressed last by the Texas Court of Criminal Appeals in *Richardson v. State*, 888 S.W.2d 822, 823 (Tex.Crim.App.1994). That case looked at identical language in a parallel statute that criminalizes burglary of a vehicle, and reviewed other cases involving the same terminology. *See* TEX. PEN.CODE ANN. § 30.04 (Vernon 2003). In *Richardson*, the court reasoned that the act of stealing items from the open bed of a pickup truck constituted a "breaking of the close" and thus constituted intrusion, as opposed to the theft of tires and hubcaps attached to the outside of a vehicle.

Sections 30.02 (Burglary) and 30.04 (Burglary of Vehicles) criminalize an "entry" into a private area made with the requisite intent to commit a theft or a felony. In *Griffin*, [815 S.W.2d 576 (Tex.Crim.App.1991)] we noted that the "entry" requirement in the statutes is intended to protect "the interior or enclosed part of the described object, be it a house, a building or a vehicle."

. . . .

There must be a "breaking of the close" to have entry in the sense long established for burglary. The protection is to the interior or enclosed part of the described object, be it a house, a building, or a vehicle ... Taking items attached to the outside of the vehicle, house, or building that does not reflect an entry into an interior or enclosed part of the described object in order to steal does not constitute the offense of burglary.

*Richardson*, 888 S.W.2d at 823; *Griffin*, 815 S.W.2d at 579.

It is clear that, in removing the air conditioner from the window, Wooten necessarily "broke the close" into the house. The air conditioner, or some part thereof, intruded into the interior of the house. It is a physical object that was obviously connected to Wooten's body when he removed it from the window. Hence, his taking of the air conditioner constituted an "entry," as defined by Section 30.02(b). Further, there is evidence that the air

conditioner was working and was plugged into an outlet inside the house a good distance away from the window. It is reasonable for the jury to conclude that Wooten, in some way, intruded a portion of his body into the house in order to unplug and finish removing the air conditioner. There was evidence from which the jury could conclude that Wooten intruded into the residence, and there is no evidence to the contrary.

The evidence is both legally and factually sufficient to support the verdict.

■ Wooten next contends the court erred by not bringing in additional panelists for the voir dire—and that it should instead have granted his motion for mistrial. The number of prospective jury members dropped below 32 (to 28) because of the number of panelists who were excused by the trial court. Wooten moved for a mistrial, on the basis that his right to a fair trial was implicated due to there not being sufficient panelists for both the State and Wooten to exercise all of their peremptory strikes. The State volunteered to release four of its peremptory challenges. The court accepted that offer, which made the panel large enough for Wooten to exercise all of his peremptory challenges, and jury selection was then concluded.

There is no statute requiring a particular number of panelists. There are permissive statutes allowing a certain number of peremptory strikes for each side in criminal cases. *See* TEX.CODE CRIM. PROC. ANN. art. 35.15 (Vernon Supp.2006) (ten strikes per side in noncapital felony cases with a single defendant—thus, the 32 total). Neither party is required to use all its strikes, and we are aware of no authority preventing either party from waiving its right to some or all of those strikes. Thus, the court did not err in allowing the State to waive its right to four peremptory strikes, and Wooten had the opportunity to use every strike to which he was entitled. Error has not been shown.

We affirm the judgment.