In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00017-CR


______________________________




KEVIN DEWAYNE WOOTEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Red River County, Texas


Trial Court No. CR00641




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Kevin Dewayne Wooten appeals from his conviction by a jury for burglary of a
habitation--for stealing a window-mounted air conditioner. The jury assessed his
punishment at twenty-five years' imprisonment. Wooten contends that the evidence is
legally and factually insufficient to show he entered the residence and that the court erred
during voir dire by not bringing in additional panelists and denying his motion for mistrial. 
We affirm.

 The record shows that Wooten was hired by Marion Lowe to carry away raked
leaves from around Lowe's deceased mother's house. There was a window air conditioner
in a window of the house; after Wooten left, the air conditioner was gone. Lowe testified
that the window unit was working and that it was plugged into an outlet inside the house
a good distance away from the window. Part of the face cover to the air conditioner was
found in the house. Lowe contacted police with his suspicions about the likely thief. The
police contacted Wooten's girlfriend, who ultimately asked Wooten if he had stolen the unit. 
Wooten admitted to her that he had and told her where it was. She notified the police, and
they recovered the unit and arrested Wooten.

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review of the evidence for factual
sufficiency, we view all the evidence in a neutral light and determine whether the evidence
supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt
or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Threadgill v. State, 146 S.W.3d 654, 664 (Tex. Crim.
App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). 

 As pointed out by Wooten, an element of the offense of burglary of a habitation is
entry into the habitation. Section 30.02(b) of the Penal Code defines entry as to "intrude
. . . (1) any part of the body; or (2) any physical object connected with the body." Tex. Pen.
Code Ann. § 30.02(b) (Vernon 2003). The evidence shows the air conditioner was on the
window ledge. It had not been permanently attached to the house, but the window was
closed onto the top of it, and the air conditioner was plugged into an outlet inside the
house. In his testimony, Lowe agreed with the State that he had to at least reach inside
the house to unplug the air conditioner because it was plugged in a good distance from the
window. A part of the air conditioner was found on the floor inside the house. 

 The only question presented is whether the jury had sufficient evidence to allow it
to decide that, in the process of removing the air conditioner from the window, Wooten
"intruded" any part of his body or anything "connected with" his body into the house. 

 This type of question was addressed last by the Texas Court of Criminal Appeals
in Richardson v. State, 888 S.W.2d 822, 823 (Tex. Crim. App. 1994). That case looked
at identical language in a parallel statute that criminalizes burglary of a vehicle, and
reviewed other cases involving the same terminology. See Tex. Pen. Code Ann. § 30.04
(Vernon 2003). In Richardson, the court reasoned that the act of stealing items from the
open bed of a pickup truck constituted a "breaking of the close" and thus constituted
intrusion, as opposed to the theft of tires and hubcaps attached to the outside of a vehicle. 

 Sections 30.02 (Burglary) and 30.04 (Burglary of Vehicles) criminalize an
"entry" into a private area made with the requisite intent to commit a theft or
a felony. In Griffin, [815 S.W.2d 576 (Tex. Crim. App. 1991)] we noted that
the "entry" requirement in the statutes is intended to protect "the interior or
enclosed part of the described object, be it a house, a building or a vehicle." 


 . . . .

 There must be a "breaking of the close" to have entry in the sense long
established for burglary. The protection is to the interior or enclosed part of
the described object, be it a house, a building, or a vehicle . . . Taking items
attached to the outside of the vehicle, house, or building that does not reflect
an entry into an interior or enclosed part of the described object in order to
steal does not constitute the offense of burglary. 


Richardson, 888 S.W.2d at 823; Griffin, 815 S.W.2d at 579.

 It is clear that, in removing the air conditioner from the window, Wooten necessarily
"broke the close" into the house. The air conditioner, or some part thereof, intruded into
the interior of the house. It is a physical object that was obviously connected to Wooten's
body when he removed it from the window. Hence, his taking of the air conditioner
constituted an "entry," as defined by Section 30.02(b). Further, there is evidence that the
air conditioner was working and was plugged into an outlet inside the house a good
distance away from the window. It is reasonable for the jury to conclude that Wooten, in
some way, intruded a portion of his body into the house in order to unplug and finish
removing the air conditioner. There was evidence from which the jury could conclude that
Wooten intruded into the residence, and there is no evidence to the contrary.

 The evidence is both legally and factually sufficient to support the verdict.

 Wooten next contends the court erred by not bringing in additional panelists for the
voir dire--and that it should instead have granted his motion for mistrial. The number of
prospective jury members dropped below 32 (to 28) because of the number of panelists
who were excused by the trial court. Wooten moved for a mistrial, on the basis that his
right to a fair trial was implicated due to there not being sufficient panelists for both the
State and Wooten to exercise all of their peremptory strikes. The State volunteered to
release four of its peremptory challenges. The court accepted that offer, which made the
panel large enough for Wooten to exercise all of his peremptory challenges, and jury
selection was then concluded.

 There is no statute requiring a particular number of panelists. There are permissive
statutes allowing a certain number of peremptory strikes for each side in criminal cases. 
See Tex. Code Crim. Proc. Ann. art. 35.15 (Vernon Supp. 2006) (ten strikes per side in
noncapital felony cases with a single defendant--thus, the 32 total). Neither party is
required to use all its strikes, and we are aware of no authority preventing either party from
waiving its right to some or all of those strikes. Thus, the court did not err in allowing the
State to waive its right to four peremptory strikes, and Wooten had the opportunity to use
every strike to which he was entitled. Error has not been shown.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: July 10, 2006

Date Decided: October 6, 2006


Publish