

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00092-CR

_____

MELVIN LEE MOBLEY, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 07-0446X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Melvin Lee Mobley, III, pled guilty to two counts of burglary of a habitation and one count of kidnapping. He was assessed a life sentence on each of the three counts. On appeal, he asserts that the trial court's decision to require Mobley to wear a leg brace under his long pants during the punishment phase was an abuse of discretion and that the two burglary convictions for the same entry of a habitation constituted double jeopardy. We modify the judgment to strike one of the two burglary convictions, but otherwise affirm the judgment of the trial court. That result is dictated by our conclusions that (1) the trial court did not abuse its discretion in entering the leg-brace order and (2) the two burglary convictions constitute double jeopardy.

On November 16, 2007, Mobley forcefully entered the Harrison County home owned by Michalene Jones and Dan Anderson.[1] In the process, Mobley assaulted Anderson, tied Anderson and Jones with an extension cord, and threatened them with a meat cleaver. Mobley was charged with two virtually identical counts of burglary of a habitation. Count I of Mobley's indictment contained two paragraphs. Paragraph A alleged that Mobley, "with intent to commit a felony offense of aggravated assault, enter[ed] a habitation, without the effective consent of Michalene Jones, the owner." *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). The second paragraph accused Mobley of "intentionally or knowingly enter[ing] a habitation, without the effective consent of Michalene Jones, the owner thereof, and attempted to commit or committed the felony offense of

---

[1]Jones is the mother of a former girlfriend of Mobley, while Anderson is Jones' boyfriend.

aggravated assault" with a meat cleaver.  *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2003).

Count II also had two paragraphs, identical to those in Count I, except that each paragraph

in Count II referred to Anderson as the owner of the habitation rather than Jones.  Mobley pled guilty

to all three counts, and punishment was submitted to the jury.

*(1)      The Trial Court Did Not Abuse Its Discretion in Entering the Leg-Brace Order*

Mobley first complains of the trial court's decision to keep Mobley in restraints during the

punishment phase of the trial.

During a pretrial hearing on the issue of restraint, the trial court heard evidence from jail

administrator Captain John Hain that Mobley had many disciplinary write-ups while in custody.  The

first write-up resulted from Mobley's assault of an officer.  During a jailhouse interview, Mobley

shoved a table on top of an investigating officer and held a pen "in a motion to attempt to stab [the

officer] if he could have gotten close enough."  The second write-up resulted from an attempted

escape.  A fight broke out among inmates attending a morning religious service at the jail.  Jailers

rushed to subdue the fighting.  After taking control of the situation, one of the jailers noticed that his

keys were missing.  Jailers found Mobley traversing the hallway with the keys.  The sheriff spoke

of Mobley with the trial court and expressed a concern for the safety of the sheriff's staff and

inmates.  At a docket call, Mobley "vandalized" the courtroom by "sticking his face through a plate

glass window."  Taking all of these factors into consideration, the trial court noted that Mobley was

a "physical problem" and had "exhibited an inability to conduct himself properly in the courtroom."

3

Consequently, the court ordered Mobley to wear a leg brace underneath long pants for the duration of the trial. The court specified that the brace would not be visible to the jury.

Whether a defendant shall be tried in restraints is within the discretion of the trial court. *Long v. State*, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991). Thus, we review the ruling of the trial court for abuse of discretion. *Cooks v. State*, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992); *Long*, 823 S.W.2d at 282.

On the other hand, conducting a trial where the defendant is in shackles is "obnoxious to the spirit of our laws and all ideas of justice." *Ziolkowski v. State*, 223 S.W.3d 640, 643 (Tex. App.—Texarkana 2007, pet. ref'd) (citing *Gray v. State*, 99 Tex. Crim. 305, 268 S.W. 941, 950 (1924)). The Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution guarantee criminal defendants the right to a fair trial. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19; *Wynn v. State,* 219 S.W.3d 54, 59 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Three elements of this fundamental guarantee are directly implicated when a defendant is shackled during trial proceedings. *Id.* First, in our criminal courts, a defendant is presumed to be innocent until the State proves his or her guilt. Jurors can be prejudiced when viewing defendants in jail clothing or restraints, seriously infringing on this presumption of innocence. *Cooks*, 844 S.W.2d at 722; *Long*, 823 S.W.2d at 282; *Ziolkowski*, 223 S.W.3d at 642; *Garza v. State*, 10 S.W.3d 765, 767–68 (Tex. App.—Corpus Christi 2000, pet. ref'd). Second, the use of restraints can undermine a defendant's ability to effectively communicate with his or her

4

attorney, impeding the right to counsel. *Wynn*, 219 S.W.3d at 59. Third, use of shackles in the presence of the jury compromises the "courtroom's formal dignity, which includes the respectful treatment of defendants" and acknowledges "the gravity with which Americans consider any deprivation of an individual's liberty through criminal punishment." *Id.* (citing *Deck v. Missouri*, 544 U.S. 622, 631 (2005)). For these reasons, shackling is called for only in rare circumstances, and the record must detail the grounds for such action. *Cooks*, 844 S.W.2d at 722; *Gray*, 268 S.W. at 950.

It is well established, however, that when a defendant enters a plea of guilty, he or she admits the existence of all facts necessary to establish guilt, and the presumption of innocence is dissolved. *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968). Further, where the record does not affirmatively show that the jury had seen the defendant's shackles, harm cannot be demonstrated on appeal. *Canales v. State*, 98 S.W.3d 690 (Tex. Crim. App. 2003); *Ziolkowski*, 223 S.W.3d at 642.

The sitting trial judge had previously presided over the first trial of Mobley's case, which resulted in a mistrial, and had the opportunity to observe Mobley's courtroom behavior. Evidence that Mobley was a threat to the sheriff and fellow inmates, tried to escape from jail, assaulted an officer, and vandalized the courtroom all contributed to the court's decision to require Mobley's restraint during the punishment phase. We need not decide whether the court's findings of fact, based on these factors, were specific enough to justify restraint. Rather, no evidence suggests that the jury saw the restraints. Also, in pleading guilty to all counts in the indictment, Mobley's due process concerns were extinguished. We overrule this point of error.

5

*(2)      The Two Burglary Convictions Constitute Double Jeopardy*

In his second point of error, Mobley contends that the trial court's convictions for burglary of a habitation, based on a single unlawful entry, are barred due to double jeopardy provisions. A defendant must generally raise a double-jeopardy claim at the trial court level to preserve error for appellate review. *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd). When a double-jeopardy claim violation is clearly apparent from the face of the record, however, it can be raised for the first time on appeal. *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Rangel*, 179 S.W.3d at 70. Here, Mobley claims that he was charged in one indictment for burglary arising from the same act in two different separate counts. Thus, any error will be apparent on the face of the record and can be reviewed. *Rangel*, 179 S.W.3d at 70–71.

Our founding fathers recognized that allowing states to subject citizens to multiple trials for the same offense "would arm the Government with a potent weapon of oppression." *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)). The Fifth Amendment to the United States Constitution, and Article I, Section 14 of the Texas Constitution, prohibit double jeopardy and protect individuals from being tried twice for the same offense, possibly receiving double punishments. U. S. CONST. amend. V; TEX. CONST. art. I, § 14; *Albernaz v. United States,* 450 U.S. 333, 343 (1981); *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Stephens*, 806 S.W.2d at 814–15. This protection is necessary to avoid subjecting a defendant "to embarrassment, expense and ordeal . . . compelling him to live in

6

a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 187–88 (1957).

Because it clarifies the elements of a criminal offense, the statutory language determines whether offenses are the same for double-jeopardy purposes. *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). Thus, in Texas, when resolving this issue, we focus on the elements alleged in the charging instrument. *Bigon*, 252 S.W.3d at 370. Counts I and II of the indictment in this case both allege burglary of a habitation. Burglary is a crime against property and is not an assaultive offense against a person. *Cavazos*, 203 S.W.3d at 336–37. A person commits that offense when, without effective consent of the owner, he or she enters a habitation, with the intent to commit a felony, or enters a habitation and commits or attempts to commit a felony or theft. TEX. PENAL CODE ANN. § 30.02(a)(1), (3). When a burglary is committed, the harm results from the entry itself. *Richardson v. State*, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994). The offense is complete once the unlawful entry is made, without regard to whether the intended theft or felony is also completed. *Id.*; *Cavazos*, 203 S.W.3d at 337.

The State argues that Count I alleges assault against Jones and Count II alleges assault against Anderson, and that, therefore, the counts require proof of different elements. If different statutory provisions require an element or "proof of a fact which the other does not," there are no double-jeopardy concerns. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). We note two problems with the State's argument.

7

First, the indictment does not allege a particular victim of any assault associated with the burglary. Instead, Count I of the indictment alleges that the owner of the house Mobley burglarized was Jones, while Count II alleges the owner is Anderson. Except for those differences, Count I is identical to Count II. And the house involved is clearly a single house, owned by both Jones and Anderson.

Plus, the *Blockburger* test applies only when the same act or transaction constitutes a violation of two distinct statutory provisions, and focuses on the proof necessary to prove elements of each offense. *Vitale*, 447 U.S. at 416; *Rangel*, 179 S.W.3d at 71. The test is not needed where one indictment alleges two separate counts of the same statutory offense arising out of one incident because double-jeopardy concerns will necessarily exist.[2] The State's argument urging this Court to analyze this case using *Blockburger* is inherently flawed for this reason, as well.

Mobley's convictions violate double jeopardy because he has been convicted and sentenced twice for the same offense. *See Cavazos*, 203 S.W.3d at 335–37.

Typically, when a defendant is convicted of multiple offenses that are the same for double jeopardy purposes, the conviction for the most serious offense should be retained and the other offenses should be set aside. *Id.* at 337; *Rangel*, 179 S.W.3d at 71. When the degree of both offenses and the punishment assessed for both offenses is the same, this rule is inapplicable, and any

---

[2]While the underlying assaultive offenses may have constituted separate and distinct acts, requiring proof of assault on both parties, Mobley was not convicted of the underlying offenses. Rather, he was convicted of two burglaries.

one of the convictions can stand.  *See Ex parte Senterfitt*, No. AP-75659, 2007 WL 1138875, at *1

(Tex. Crim. App. Apr. 18, 2007) (mem. op., not designated for publication) (court affirmed one out

of three convictions for burglary that arose from single unlawful entry).

      We modify the trial court's judgment to strike only Mobley's conviction and sentence under

Count II; we affirm the judgment of the trial court as to Counts I and III.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 21, 2008
Date Decided:     October 1, 2008

Do Not Publish