PD-1080-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/30/2015 10:44:44 PM
Accepted 10/8/2015 1:14:09 PM
ABEL ACOSTA
CLERK

NO. 1080-15

# IN THE COURT OF CRIMINAL APPEALS

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

STEVE ACOSTA
Appellant,

vs.

THE STATE OF
TEXAS,
Appellee

On Appeal from the 5th District Court of Appeals
Dallas, Texas

## APPELLANT'S MOTION FOR LEAVE TO FILE OUT OF TIME PETITION FOR DISCRETIONARY REVIEW and PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes Now, STEVE ACOSTA, Appellant/Petitioner who hereby files this

Motion for Leave to File Out of Time Petition for Discretionary Review and

Petition for Discretionary Review. In support of this motion, per Tex. R.

App. P. 10.5, Petitioner shows the following:

1

## Procedural History

The Court of Appeals for the 5th Appellate District in Dallas, TX, rendered its opinion and judgment in Steve Acosta v. State of Texas, Trial Court Cause No. F-1355987-M, Appellate Cause No. 05-13-01640-CR on July 7, 2015.

Appellant filed his Motion for Extension of Time to File Petition for Discretionary Review ("PDR"), which was granted by the Court. Appellant filed his PDR via EFileTexas.gov on or about September 9, 2015. The filing was rejected because the PDR failed to include the interested party names and a certification of compliance with the total number of words contained therein.

On or about September 22, 2015, Applicant filed an Amended PDR which contained the heretofore missing information. On September 23, 2015, the undersigned appointed counsel flew with his daughter to New York City to tour Pace University and New York University. Counsel returned to Dallas on Sunday, September 27, 2015.

On Monday, September 28, 2015, while counsel was filing documents on another matter, counsel pulled up his page which contained a history of all of his filings on EFileTexas.gov. Counsel noticed that his filing of September 22, 2015 (Amended PDR) had a rejection placed next to the

2

filing, but there was (and is) no actual notice of the rejection that was emailed out to counsel. Counsel, confused by the lack of notice, called the Court and spoke to Wade Papadakis and explained the facts contained herein. Wade could not find the amended filing on the computer and asked counsel to email him the screen shot which showed the matter had been filed on September 22, 2015. Counsel emailed the requested screen shot to Wade (See Exhibit 1).

On September 30, 2015, counsel received an email from Mark Adams which included the actual rejection language (the Amended PDR did not contain the 5th Court of Appeals Opinion – although the Original PDR did) and the fact that the due date was September 24, 2015, which was during the time that counsel and his daughter were in New York City (See Exhibit 2).

Again, while the Court of Criminal Appeals Clerk may have rejected the filing, the undersigned counsel never received any notice whatsoever from EFileTexas.gov that the filing had been rejected.

Hence, counsel, now made aware of the fact, is hereby filing this Motion and including the Amended PDR with the 5th District Court of Appeals Opinion (See Exhibit 3).

**WHEREFORE PREMISES CONSIDERED,** Petitioner prays that this Court grant this Motion to File Out of Time PDR and PDR, and accept and file Appellant's PDR.

Respectfully submitted,

/s/ Bruce Kaye

Bruce Kaye
TBN 00784374
2309 Boll St.
Dallas, TX 75204
(214) 722-7438 Office
(866) 649-8757 Fax
Bruce@Brucekaye.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion (with PDR with 5th District Opinion) was emailed to Lori Ordiway, Dallas County District Attorney's Office, Appellate Division, on this the 30th day of September, 2015, in accordance with the Texas Rules of Appellate Procedure.

/s/ Bruce Kaye

Bruce Kaye

4

From: **Bruce Kaye** bruce@brucekaye.com 📎
Subject: PDR on PD-1080-15
Date: September 28, 2015 at 1:31 PM
To: wade.papadakis@txcourts.gov



Case # PD-1080-15                                                                    Actions

Envelope # 7041360 filed Tuesday, September 22, 2015 at 3:35 PM CDT by Bruce Kaye

Rejected          Petition for Discr...   EFile          PDR amended


Yours,
Bruce Kaye, Esq.

--
Law Office of Bruce Kaye
2309 Boll St.
Dallas, TX 75204
(214) 722-7438 Office
(866) 649-8757 Facsimile
(214) 566-0211 Cell/Text
Bruce@Brucekaye.com
www.brucekaye.com



# BRUCE KAYE
## *Attorney At Law*
Changing lives one case at a time.

The information contained in this e-mail message is attorney-privileged and confidential information intended only for the use of the individual or entity named above. Further, this electronic transmission may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (214-722-7438) or e-mail and destroy this e-mail message.

Exh. 1

From: **Mark Adams** Mark.Adams@txcourts.gov  
Subject: RE: PD-1080-15  
Date: September 30, 2015 at 10:41 AM  
To: Bruce Kaye bruce@brucekaye.com

Sorry, here is the attachment.

Mark Adams

-----Original Message-----  
From: Bruce Kaye [mailto:bruce@brucekaye.com]  
Sent: Wednesday, September 30, 2015 10:34 AM  
To: Mark Adams  
Subject: Re: PD-1080-15

Mark:

I did file an Amended PDR on Sept. 22, 2015. When I looked online at efile, it showed I filed it, but it says rejected. I never received any notice that it was rejected and that's why I called the Clerk's Office (who asked me to email him the screen showing the filing and rejection). The Clerk could not find it in his computer -- which is why you received it.

How should I proceed?

Yours,

Bruce Kaye

Law Office of Bruce C. Kaye  
2309 Boll St.  
Dallas TX 75204  
(214) 722-7438 Office  
(866) 659-8757 Facsimile  
(214) 566-0211 Text/Cell  
www.brucekaye.com

> On Sep 30, 2015, at 10:25 AM, Mark Adams <Mark.Adams@txcourts.gov> wrote:
>
> The Texas Rules of Appellate Procedure require attorneys to file documents electronically. Rule 9.2(c)(1); no action will be taken on the petition attached in your email to the Court. Furthermore, a corrected petition was due to be filed in this Court September 24, 2015.
>
> Mark Adams
> Deputy Clerk
> Court of Criminal Appeals



**PD-1080-15**  
**DATE_STAMP.PDF**

Exh 2

Print this page

# Case # PD-1080-15

**Case Information**

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 09/22/2015 03:35:38 PM |
| Case Number | PD-1080-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Law Office Bruce Kaye |
| Filed By | Bruce Kaye |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | Bruce Kaye Credit Card |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 11530131 |
| Order # | 007041360-0 |

---

**Petition for Discretionary Review**

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | PDR amended |
| Reference Number | |
| Comments | |
| Status | Rejected |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Rejection Information**

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 09/24/2015 03:41:24 | The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. Your corrected petition remains due September 24, 2015 |

NO. 1080-15

---

IN THE COURT OF CRIMINAL APPEALS

---

STEVE ACOSTA
Appellant,

vs.

THE STATE OF
TEXAS,
Appellee

---

On Appeal from the 5th District Court of Appeals
Dallas, Texas

---

**APPELLANT'S MOTION FOR LEAVE TO FILE
OUT OF TIME PETITION FOR DISCRETIONARY
REVIEW and PETITION FOR DISCRETIONARY
REVIEW**

---

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes Now, STEVE ACOSTA, Appellant/Petitioner who hereby files this

Motion for Leave to File Out of Time Petition for Discretionary Review and

Petition for Discretionary Review. In support of this motion, per Tex. R.

App. P. 10.5, Petitioner shows the following:

1

Exh. 3

## Procedural History

The Court of Appeals for the 5th Appellate District in Dallas, TX, rendered its opinion and judgment in Steve Acosta v. State of Texas, Trial Court Cause No. F-1355987-M, Appellate Cause No. 05-13-01640-CR on July 7, 2015.

Appellant filed his Motion for Extension of Time to File Petition for Discretionary Review ("PDR"), which was granted by the Court. Appellant filed his PDR via EFileTexas.gov on or about September 9, 2015. The filing was rejected because the PDR failed to include the interested party names and a certification of compliance with the total number of words contained therein.

On or about September 22, 2015, Applicant filed an Amended PDR which contained the heretofore missing information. On September 23, 2015, the undersigned appointed counsel flew with his daughter to New York City to tour Pace University and New York University. Counsel returned to Dallas on Sunday, September 27, 2015.

On Monday, September 28, 2015, while counsel was filing documents on another matter, counsel pulled up his page which contained a history of all of his filings on EFileTexas.gov. Counsel noticed that his filing of September 22, 2015 (Amended PDR) had a rejection placed next to the

2

filing, but there was (and is) no actual notice of the rejection that was emailed out to counsel. Counsel, confused by the lack of notice, called the Court and spoke to Wade Papadakis and explained the facts contained herein. Wade could not find the amended filing on the computer and asked counsel to email him the screen shot which showed the matter had been filed on September 22, 2015. Counsel emailed the requested screen shot to Wade (See Exhibit 1).

On September 30, 2015, counsel received an email from Mark Adams which included the actual rejection language (the Amended PDR did not contain the 5th Court of Appeals Opinion – although the Original PDR did) and the fact that the due date was September 24, 2015, which was during the time that counsel and his daughter were in New York City (See Exhibit 2).

Again, while the Court of Criminal Appeals Clerk may have rejected the filing, the undersigned counsel never received any notice whatsoever from EFileTexas.gov that the filing had been rejected.

Hence, counsel, now made aware of the fact, is hereby filing this Motion and including the Amended PDR with the 5th District Court of Appeals Opinion (See Exhibit 3).

3

**WHEREFORE PREMISES CONSIDERED,** Petitioner prays that

this Court grant this Motion to File Out of Time PDR and PDR, and accept

and file Appellant's PDR.

Respectfully submitted,

/s/ Bruce Kaye

Bruce Kaye
TBN 00784374
2309 Boll St.
Dallas, TX 75204
(214) 722-7438 Office
(866) 649-8757 Fax
Bruce@Brucekaye.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion (with PDR with 5th District Opinion) was emailed to Lori Ordiway, Dallas County District Attorney's Office, Appellate Division, on this the 30th day of September, 2015, in accordance with the Texas Rules of Appellate Procedure.

/s/ Bruce Kaye

Bruce Kaye

4

In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01640-CR

### STEVE ACOSTA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-1355987-M**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

A jury convicted appellant Steve Acosta of the offense of burglary of a habitation. Appellant pleaded not true to an enhancement alleging a prior conviction for aggravated robbery with a deadly weapon. The court found the enhancement paragraph true and sentenced appellant to twelve years in prison. In one issue on appeal, appellant argues that the evidence was insufficient to support the conviction. Because the issues are settled, we issue this memorandum opinion. TEX. R. APP. P. 47.4. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Patricia Ortega—a neighbor who lived two houses from the complainant Juan Depena—testified that, about noon on the day of the alleged offense, she saw through her kitchen window

that there was a woman and a man in her neighbor Mr. Garibaldi's house. Garibaldi's house lay between her house and the complainant's house. She testified that he was a Hispanic man and that she saw "the young man . . . from behind, not from the front" and never saw his face. Ortega also testified that the man left Garibaldi's house, "pushed the air conditioner" unit at the complainant's window, "and went in[.]" Ortega testified that she called 911 and reported that someone had entered her neighbor's house. She also testified that she did not see anyone else enter or anyone leave the complainant's house (although she admitted on cross-examination that she was not watching consistently) and that the police arrived in about fifteen minutes.

On cross-examination, Ortega testified that the man who entered the complainant's house was wearing a long t-shirt that she thought was white. Ortega testified that the woman she saw in Garibaldi's house was the daughter of her neighbor Garibaldi and that, when the man entered the complainant's house, the woman went outside Garibaldi's house and acted like she was working in the yard. Ortega also testified that she did not know if anyone entered or exited the complainant's side door to his house because she did not have a good view of that side door.

The complainant testified that, after the police informed him by phone that his house had been burglarized, he arrived at his house and found the door broken and "everything . . . tossed around" in the house. He testified: "[E]verything was upside down. The clothes were thrown about. The drawers were pulled out and had been thrown on the floor. There was nothing—for example, nothing of value, everything was messed up." He also testified that he noticed that his forty-seven inch television set was missing and also that items were in his kitchen collected in a black garbage bag. He testified that he had not given anyone permission to be in his house or to collect and take items or attempt to take items from his house.

Dallas Police Officer Christopher Klein testified that he was about a minute away from the complainant's residence when he received a call regarding the burglary in progress. The call

–2–

relayed that a "Latin male had entered the house and there was a Latin female out front of the house." After he arrived at the house, as an undercover officer, he remained in his car parked across the street, watching the house and waiting for uniformed police officers to arrive. He testified that he could see three sides of the house and that he did not observe anyone entering or exiting the house from the time that he arrived at the scene until uniformed officers arrived within fifteen minutes. He observed a Latin female—subsequently identified as Melissa Garibaldi—in the yard next door to the complainant's house. Klein testified that, after uniformed police arrived, the officers observed that a side door of the house was open. He and two other officers "just pushed that side door open and announced Dallas Police" and "at that point" they "saw Mr. Acosta standing inside the house" in the living room. Klein identified appellant in the courtroom as the person whom he had observed in the complainant's living room when officers entered. Klein testified that appellant complied when police requested that he put up his hands and lay on the floor. He testified that the "house had been ransacked" with "property stacked by the door inside a black trash bag" in the kitchen, and "stuff all over the place" with drawers pulled out, furniture moved, and the mattress taken off the bed. He testified that officers also observed an air conditioning unit not at a window but "inside the kitchen." Klein also testified that, after the initial burglary report, the complainant stated that a couple of television sets were missing and testified that officers searched unsuccessfully for them.

On cross-examination, Klein testified that appellant was wearing a blue shirt and blue jeans and that, when appellant put up his hands upon police request, appellant "said that someone was chasing him." Klein testified that he did not see anyone else in the house and that officers did not search the area looking for the person purportedly chasing appellant. When asked if someone who was "not there" could have taken the televisions, Klein testified that "[c]ould have been." Klein also testified that he did not recover burglary tools from appellant, but that he did

–3–

not "know if [he had] ever caught anybody with screwdrivers" in the "burglary of a house" and that most burglars of houses "just kick the door in."

On redirect examination, Klein testified that appellant described the people chasing him as "[b]lack guys" but that Klein did not observe any African-American males near the house nor did the eyewitness. Klein also testified that the distance from the complainant's house to the neighbor's house could "be traveled multiple times in a period of three minutes[.]"

Detective Ronald Kramer with the Dallas Police Department testified that he arrived at the scene seconds after Klein, and he and Klein maintained surveillance of the house until uniformed officers arrived. He testified that he saw no one enter or exit the house and that, during his investigation of the burglary, he did not learn of "any other individual exiting or entering the house[.]" Kramer testified that, when police found appellant standing in the middle of the complainant's living room and identified themselves to appellant, appellant "seemed very calm, not upset" and he was not sweating or out of breath. Kramer testified that appellant stated, "Some guys were chasing me, so I ran in here to hide." Like Klein, Kramer did not see "[a]ny one of African-American race" in the general area and testified that appellant's physical condition did not indicate that he was being chased. Kramer also testified that the disarrayed condition of the house was consistent with a burglary. Kramer identified appellant in the courtroom as Steve Acosta and he testified that he transported appellant to the police station.[1]

On cross-examination, when asked if in ten minutes (which was, according to police call notes, the approximate time from the time of the 911 call until appellant was in custody) someone could have entered and ransacked the house, checked the dressers, flipped the mattress, put clothes in a bag and put the bag in the kitchen, and removed two televisions, Kramer testified

_____

[1] Kramer testified that he also transported Melissa Garibaldi to the police station because "the original caller stated that she may have been involved, acting as a lookout" but she refused to talk and, because Kramer "did not have enough to prosecute her[,]" she was released.

–4–

that "[a]ll that stuff that happened, it didn't happen in that ten-minute time frame" and "[i]t would have taken several trips." But in answer to whether the ten-minute time frame on the police call notes was "a good time frame," Kramer testified that the call notes reflect "just the time that the witness, whenever she got home, observed the first strange incident" and that "there was a whole [other] rest of the day before that."

The jury found appellant guilty and the court sentenced appellant to twelve years' imprisonment. This appeal followed. The State did not file a brief in this Court.

## APPLICABLE LAW AND STANDARD OF REVIEW

In reviewing a challenge to the sufficiency of the evidence to support a conviction, we must consider all the evidence and reasonable inferences therefrom in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). We determine whether inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the jury's verdict. *Goad v. State*, 354 S.W.3d 443, 450 (Tex. Crim. App. 2011).

A person commits burglary of a habitation when the person, without the effective consent of the owner, enters a habitation with intent to commit a theft. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Intent is a fact issue for the jury and may be inferred from the circumstances. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). It is not necessary for the State to prove a theft was actually committed or the appellant possessed the stolen property. *See Richardson v. State*, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994). Because the entry of the habitation is an intrusion into the occupant's reasonable expectation of privacy, the harm results from the entry. *Id.*

## ANALYSIS

In his sole issue, appellant argues that the evidence was insufficient to support the conviction because there was no evidence that would give rise to the reasonable inference that appellant had the required intent to commit theft. He does not dispute that he entered the complainant's house. But appellant argues that there was no evidence tying him "to the stolen television(s) or the ransacking of the home or the placing of clothing into a garbage bag." He contends that the "sole factor" tying appellant to the alleged offense was his entry into the house.

The jury heard evidence that appellant entered the complainant's house by pushing through a window air conditioning unit and going through the window, that—upon their entry into the house—police officers observed appellant standing in the living room. The jury also heard evidence that the house was ransacked with "stuff all over the place" with pulled-out drawers, a flipped mattress, items gathered in a garbage bag by the kitchen door, and televisions missing. And the jury heard evidence that appellant compliantly raised his hands upon request by the police and stated that "black guys" had been chasing him, but that officers had not seen any African-American men in the area and appellant appeared calm and not sweating or out of breath. The jury also heard evidence that police officers and a witness had not observed anyone entering or exiting the house from the time of the 911 call to appellant's arrest. Based on this evidence, the jury could reasonably conclude that appellant intended to commit theft. *See Gear v. State*, 340 S.W.3d 743, 747–48 (Tex. Crim. App. 2011) (concluding jury could reasonably infer that appellant intended to commit theft where evidence showed that appellant was interrupted while attempting to enter the complainant's house immediately after breaking the complainant's window, and then ran). Having reviewed the evidence under the appropriate standard, we conclude that it is sufficient to support the jury's verdict. We resolve appellant's sole issue against him.

–6–

## CLERICAL ERROR IN JUDGMENT

The judgment in this case spells appellant's first name "Steva." At the beginning of trial court proceedings, the judge confirmed with appellant that the correct spelling of his first name is "Steve." The notice of appeal also spells appellant's first name "Steve." We have the power to modify a judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to correct the spelling of appellant's first name to "Steve."

## CONCLUSION

We affirm the trial court's judgment as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

131640F.U05

# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

STEVE ACOSTA, Appellant

No. 05-13-01640-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1355987-M.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to correct the spelling of appellant's first name to "Steve."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of July, 2015.