COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 JAIME LUEVANO,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
 No.
 08-10-00159-CR
  
 Appeal from the
  
 409th
 District Court
  
 of El
 Paso County, Texas
  
 (TC#20070D04789)
  
 
 


 

                                                                  O
P I N I O N

Jaime Luevano appeals his conviction for
burglary of a habitation.  A jury found
him guilty and sentenced him to 25 years’ imprisonment.  In two issues, Appellant challenges the constitutionality
of the sentence imposed and the sufficiency of the evidence to support his
conviction.  We affirm.

                                                               BACKGROUND








In the early
morning of September 3, 2007, Antonio Avvocato was asleep in his home when he awoke
because he felt his bedroom door open and the light from his bathroom stream in.  At first he thought it was his girlfriend,
but then he saw a man standing in his doorway. 
Avvocato screamed out and asked the man several times who “the bleep are
you?”  The man responded, “I am sorry.  I am sorry. 
I made a mistake.”  At that point,
Avvocato jumped out of bed and chased the man through the house.  As they reached the front door, Avvocato grabbed
the man’s T-shirt who turned around and looked at Avvocato and broke free from
his grip.  The man went out the front
door and ran down the street.  Avvocato watched
which direction the man headed, ran inside to put on flip flops, grabbed his
car keys, and got into his truck to follow the man.  Avvocato caught up to the man and called the
police and informed them of the direction in which he was traveling.  At approximately 5 a.m., the dispatcher
reported a burglary of a habitation and sent police to Avvocato’s location.  When Officer Marco Flores arrived on the
scene, Avvocato informed him of the suspect’s location.  Avvocato described the man as wearing a green
T-shirt, dark shorts, and a ponytail.  Avvocato
pointed to the backyard of a residence and Officer Flores observed the suspect
crawl into a small opening and enter the backyard of a residence.

            Police knocked
on the door of the house the suspect had entered and a man with long hair wearing
no shirt and dark shorts opened the interior door, but stayed behind an
exterior screen door to the home.  Officer
Flores escorted Avvocato to the door to identify the suspect and Avvocato
immediately identified the man behind the screen door as the intruder.  Upon returning home, Avvocato reported to
police that nothing was taken from his home. 
The police were unable to lift any fingerprint evidence from Avvocato’s
home.  Appellant was arrested for
criminal trespass and unlawful restraint.[1]  A grand jury indicted Appellant for the
offense of burglary of a habitation with intent to commit theft.[2]  Appellant was tried by a jury, found guilty,
and convicted of burglary of a habitation.

At trial,
Avvocato identified Appellant as the intruder. 
Avvocato testified that Appellant did not have his consent to enter his
home and stated that he did not know why Appellant was in his home.  Avvocato explained that Appellant did not
have time to take anything from his home after he awoke because he chased Appellant.

Appellant
testified in his own defense.  He stated
that he had been asleep in his home the morning of September 3, and was
startled by the police banging on his door that morning.  He further testified that he had never seen Avvocato
prior to this incident and would not know if Avvocato had any problems with him.
 Appellant claimed that Avvocato was
lying, and that he was probably brainwashed by the police who had it out for
him.

The
State introduced evidence of Appellant’s prior felony conviction for burglary
of a habitation, and two concurrent felony convictions for failure to stop and
render aid.  In addition, the State
offered evidence of his other prior convictions which included a misdemeanor
conviction for criminal trespass.  After deliberations,
the jury found Appellant guilty of burglary of a habitation.  At sentencing, Appellant pleaded true to an
enhancement paragraph alleging two prior felony convictions and the jury
sentenced him to 25 years’ imprisonment. 
This appeal followed.

DISCUSSION

Appellant raises two issues on appeal.  In Issue One, Appellant contends the sentence
imposed by the jury constitutes cruel and unusual punishment, in violation of
the Eighth Amendment of the United States Constitution.  In Issue Two, he asserts that the evidence
against him is legally and factually insufficient to convict him of burglary of
a habitation with the intent to commit theft.

Cruel and Unusual Punishment

In Issue One, Appellant contends that his sentence
of twenty-five years’ imprisonment is harsh and disproportionate to the offense
of burglary of a habitation and constitutes a violation of the Eighth Amendment
of the United States Constitution.  The
State responds that Appellant failed to preserve this issue for review.  We agree.

To preserve a complaint for appellate review,
the record must show Appellant made a timely request, objection, or
motion.  See Tex. R. App. P.
33.1(a)(1); Castaneda v. State, 135
S.W.3d 719, 723 (Tex. App. – Dallas 2003, no pet.).  By failing to raise an objection at trial,
the constitutional right to be free from cruel and unusual punishment, may be
waived on appeal.  See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995).  Because Appellant
did not object to the sentence when it was imposed and did not assert the
objection in his motion for new trial, Appellant has waived this issue on
appeal.[3]

Even if Appellant had preserved his
complaint for review, it is without merit. 
Generally, punishment assessed within the statutory range is not
unconstitutionally cruel or unusual.  See Rummel v. Estelle, 445 U.S. 263,
284-85, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); Castaneda, 135 S.W.3d at 723. 
The permissible range of confinement for burglary of a habitation, a second-degree
felony offense, enhanced by two felony convictions, is twenty-five to ninety-nine
years’ imprisonment.  Tex. Penal Code Ann. § 12.42(d) (West
2011).

Here, the sentence imposed by the jury was the
very minimum allowed by the statute, and therefore not unconstitutionally harsh
and disproportionate.  See id. 
Furthermore, the jury considered evidence of Appellant’s prior
convictions.  In determining the proper
sentence, the jury could also have considered that they found Appellant guilty
of a separate burglary of a habitation offense in cause number
2007D0D04788.  Because Appellant waived
this issue on appeal and because the sentence imposed was within the allowable
statutory range, we will not disturb the jury’s assessment on appeal.  See Tex. R. App. P. 33.1(a)(1); Castaneda, 135 S.W.3d at 723.  Issue One is overruled.

Evidentiary Sufficiency

In Issue Two, Appellant argues that the
evidence adduced at trial was legally and factually insufficient to support his
conviction.   Specifically, Appellant argues that the State failed
to produce sufficient evidence showing that Appellant entered Avvocato’s home,
without his consent, and that Appellant had the requisite intent to commit
theft.  We reject Appellant’s factual-insufficiency
argument because Texas no longer recognizes factual-insufficiency claims.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

Standard of Review

In a legal sufficiency review, we consider
all the evidence in the light most favorable to the verdict, and determine
whether a rational juror could have found the essential elements of the offense
beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).  It
is the responsibility of the jury to resolve conflicts in the testimony, to
weigh the evidence, and to make reasonable inferences from the evidence.  Hooper,
214 S.W.3d at 13; Brooks, 323 S.W.3d
at 899.  The jury can accept or reject
all or part of the evidence presented.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  On appeal, we do
not reweigh the evidence and we do not substitute our own judgment for that of
the jury.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  Any
evidentiary inconsistencies are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Burglary of a Habitation

A person commits the offense of burglary of
a habitation if, without the effective consent of the owner, he enters a
habitation with intent to commit a theft. 
TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).  In Texas, it is well-established that the
actual commission of theft is not a prerequisite to the commission of a
burglary.  Autry v. State, 626 S.W.2d 758, 762 (Tex. Crim. App. 1982).  The State does not have to show that property
was actually taken or found in possession of the suspect, however, it must
prove an intent to commit theft.  Richardson v. State, 888 S.W.2d 822, 824
(Tex. Crim. App. 1994).  The element of
intent is essential and it may not be left to conjecture.  McGee
v. State, 923 S.W.2d 605, 608 (Tex. App. – Houston [1st Dist.] 1995, no
pet.).  Intent is a fact question for the
jury which may be inferred from the appellant’s conduct and the surrounding
circumstances.  See id. (citing Linder v.
State, 828 S.W.2d 290, 294 (Tex. App. – Houston [1st Dist.] 1992, pet.
ref’d) (opinion on reh’g)).  A
nonconsensual nighttime entry gives rise to a presumption or permissive
inference of the intent to commit theft. 
See Wilkerson v. State, 927
S.W.2d 112, 115 (Tex. App. – Houston [1st Dist.] 1996, no pet.).  The circumstance of flight can also give rise
to an inference of guilt.  See Clayton v. State, 235 S.W.3d 772,
780 (Tex. Crim. App. 2007).

In the present case, the evidence showed
that Appellant made a nonconsensual nighttime entry of Avvocato’s home.  Appellant fled Avvocato’s home once he was
discovered and questioned by Avvocato.  See id. (jury can make inference of
guilt from the circumstance of flight).  Appellant
argues that the evidence is insufficient because fingerprint evidence was not
found at the scene and no property was taken from Avvocato’s home.  However, the State is not required to prove
the actual commission of theft to prove burglary and it is the jury’s responsibility
to weigh the evidence.  See Richardson,
888 S.W.2d at 824; Hooper, 214
S.W.3d at 13.

While Appellant apologized to Avvocato
and stated he made a mistake, this statement could have been disbelieved by the
jury or taken as a reaction to someone who has been found out.  See
Margraves, 34 S.W.3d at 919 (the jury is the judge of the
credibility of the witnesses and it may accept or reject all or part of the
testimony); Hooper, 214 S.W.3d at 13 (we must defer to the jury’s
responsibility to resolve conflicts, weigh evidence, draw reasonable inferences
from the evidence).  The jury could have readily believed
Avvocato’s testimony that Appellant did not have time to take anything from his
home because he awoke and pursued Appellant as he fled.  See
id.  Further, the jury was free to
reject Appellant’s testimony that he was asleep in his home on the night in
question and that Avvocato was lying.  See id.

In this case, the jury could have
reasonably inferred that Appellant, in entering Avvocato’s home without consent
and opening his bedroom door, intended to commit theft but was thwarted when
Avvocato awoke and chased Appellant out of the home.  Reviewing the evidence in the light most
favorable to the verdict, the evidence was legally sufficient to support the
jury’s finding that Appellant intentionally or knowingly entered Avvocato’s
residence, without his effective consent and intended to commit a theft.  See TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011); Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 895.  Issue Two is overruled.

Reformation
of the Written Judgment

            In a cross-point, the State asks us
to reform the judgment to reflect Appellant’s plea of true to its first
enhancement paragraph that alleged two prior, sequential, and final felony
convictions as well as the jury’s finding of true on the first enhancement
paragraph.  This Court has the power to
modify incorrect judgments when we have the necessary data and information to
do so.  See Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26, 27-8 (Tex. Crim. App. 1993); Asberry v.
State, 813 S.W.2d 526, 529-30 (Tex. App. – Dallas 1991, pet. ref’d).  The written
judgment reflects that Appellant’s plea and the jury’s findings as to the first
enhancement paragraph are marked “N/A.” 
However, this is contrary to the record because Appellant pleaded true
to the first enhancement paragraph and the jury also found the first
enhancement paragraph to be true.  Accordingly,
we sustain the State’s cross-point and reform the written judgment to reflect
Appellant’s plea of true to the first enhancement paragraph and that the jury
found the same to be true.

CONCLUSION

Having overruled Appellant’s two issues, we
affirm the trial court’s judgment as reformed.

 

                                                                        GUADALUPE
RIVERA, Justice

May 23, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
 When the police entered Appellant’s home
with a warrant they found his brother being held hostage and unlawfully
restrained.  The unlawful restraint
charge was later dismissed because Appellant’s brother did not want to
prosecute.





[2]
 Appellant was also indicted in cause
number 20070D04788 for burglary of a habitation with intent to commit a felony,
to wit: aggravated sexual assault of a child or indecency with a child.  The case was consolidated for trial with the
present case.  Appellant pleaded not
guilty to both indictments.  He was found
guilty of both offenses.  Appellant has
appealed both convictions, and we have addressed them as companion cases.  The companion case on appeal is 08-10-00154-CR.





[3]
 In his motion for new trial, Appellant
presented an Eighth Amendment violation complaint as to the life sentence for
his conviction for burglary of a habitation with intent to commit an aggravated
sexual assault of a child in cause number 20070D04788, but not as to this case.